# National Bank, Appellant, *v.* Lake Erie Asphalt Block Company.

*Practice, C. P.—Statements—Allegata and probata—Evidence—Negotiable instruments—Promissory notes—Guaranty—Nonsuit.*

1. The purpose of pleading is to form a clear and distinct issue for the trial of the cause between the parties. The statement should be sufficiently explicit to enable the defendant to prepare his defense. A plaintiff cannot file a statement which avers one cause of action, and be permitted, on the trial, to prove a different cause of action. He must state the claim on which he will rely to recover so clearly and concisely that the defendant may be fully advised as to what he is called upon to meet.

2. In an action of assumpsit by a bank, as payee, against a corporation, brought to recover on a contract guaranteeing the payment of a promissory note for $5,000, dated February 10, 1903, where the declaration avers that the money for which the note in suit was given was borrowed by the maker on February 10, 1903, and that it was borrowed for the defendant company and was the consideration for the alleged guarantee, the plaintiff is not entitled, under the pleadings, to the admission of testimony offered to prove that the note in evidence was a renewal of another note of like amount between the same parties, dated May 1, 1900, on which the maker received the money which was passed to his credit on the books of the bank; that the plaintiff bank loaned the maker $5,000 on May 1, 1900, for which he gave it his note of that date and deposited with the bank certain collateral and that said loan was made for the benefit of the defendant company; that on May 4, 1900, the maker drew his check for $5,000 to the defendant's order; that the note was renewed from time to time until February 10, 1903, when the maker made a new note to the plaintiff bank for $5,000, and withdrew a part of the collateral which he deposited with the original note and which had remained with the bank as collateral during the time of renewal and the defendant, in order to enable him to withdraw the collateral and in consideration of having received the $5,000 on May 4, 1900, made the contract on which the suit was brought.

3. Since in such case it is manifest that if, as alleged in the offers, the loan was obtained for the defendant's benefit, it was procured by the maker individually from the bank; and that if the defendant borrowed the $5,000 obtained by the maker from the bank it was borrowed from the maker and not from the bank and that the loan could not have been procured on the faith of, or by virtue of, the contract of

guarantee since the guarantee was not then in existence, and since it could not be successfully contended that the defendant received any benefit in 1903 by reason of the guarantee for the reason that the forbearance or extension of time given the maker by the renewal of his note in that year and the exchange of the collaterals were of no benefit to the defendant company, it not being liable to the plaintiff for the loan, it follows that even if the offers of evidence were admitted there could be no recovery and, therefore, a nonsuit entered by the court below will not be disturbed on appeal.

*Corporations—Unauthorized act of officers—Guaranty.*

4. Where a person seeks to hold a corporation liable on a guaranty made by its officers without authority, the burden is upon him to show that the corporation received and retained the benefit of the unauthorized act of its officers.

*Appeals—Assignments of error—Rejection of evidence—Reference to page in paper-book.*

5. An assignment of error to the rejection of evidence is insufficient and improper, if it fails to give a reference to the page of the paper-book or appendix, where the offer and rejection of the evidence may be found.

Argued Oct. 10, 1911. Appeal, No. 96, Oct. T., 1911, by plaintiff, from order of C. P. Lawrence Co., June T., 1906, No. 93, refusing to take off nonsuit in case of The National Bank of Western Pennsylvania *v.* Lake Erie Asphalt Block Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a contract of guaranty of a promissory note. Before PRATHER, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

The court directed a compulsory nonsuit which it subsequently refused to strike off.

The plaintiff made the following offers:

Counsel for plaintiff offers to show by the witness that the paper, exhibit "A" is a note made in renewal of the paper, exhibit "B" to be followed by proof that exhibit "B" was delivered by C. H. Burchinal to The National Bank of Western Pennsylvania, plaintiff, and on

delivery of said note in 1900 he received from the bank $5,000 which was passed to his credit. That to be followed by evidence that on May 4, 1900, by his check on The National Bank of Western Pennsylvania, drawn to the order of Lake Erie Asphalt Block Company, the defendant paid over the $5,000 to the defendant company, and that that check was indorsed by The Lake Erie Asphalt Block Company to the order of T. Mellon & Sons Bank, went through the clearing house and was paid by the plaintiff, and that all for the purpose of showing that the defendant in this case received the entire benefit of the note in suit and guaranteed the note marked exhibit "A" for a full and valuable consideration, viz., the $5,000 received by it.

Which offer was objected to by counsel for defendant for the reason that no such transaction was declared upon by the plaintiff, and under the pleadings as they stand, under the act of 1887 and the rules of court, it is incompetent. And, further, the fact that the sum of $5,000 was paid by a check of C. H. Burchinal to The Lake Erie Asphalt Block Company on May 1, 1900, is no evidence of any liability on the obligations sued upon, and it is therefore incompetent, irrelevant and immaterial.

The Court: The objection is sustained and an exception is sealed for the plaintiff. [2]

Judge Martin, attorney for plaintiff: I propose to prove that this payment was made to the defendant company May 4, 1900, and that the note on which the suit is brought is a renewal of a note given May 1, 1900, which note was given to secure the $5,000 that was borrowed from the plaintiff bank and paid to the defendant on May 4, 1900.

On which offer, objection having been made, the court ruled as follows:

The objection is sustained and a bill of exceptions is sealed for the plaintiff. [3]

Plaintiff's counsel propose to prove that the note exhibit "A" is a renewal of note identified as exhibit "B."

The Court: Exhibit "A" is the one declared upon?

Judge Martin: Yes.

· Objected to by defendant's counsel, the question having been already ruled by the court in another form, and it is objected to for the reasons then stated.

The Court: The objection is sustained and an exception sealed for the plaintiff. [4]

Plaintiff's counsel also propose to prove that on May 4, 1900, C. H. Burchinal paid to The Lake Erie Asphalt Block Company $5,000 in consideration of which The Lake Erie Asphalt Block Company made the contract of suretyship on which this suit is brought.

To which offer, counsel for defendant objected as follows:

Objected to by defendant's counsel, this having been already ruled when previous offer was made, and it is objected to for the same reasons.

The Court: The objection is sustained and an exception sealed for plaintiff. [5]

Plaintiff's counsel propose to prove that on May 1, 1900, The National Bank of Western Pennsylvania, plaintiff, loaned to C. H. Burchinal $5,000 for which he gave to the said bank his note dated May 1, 1900, marked exhibit "B" along with which he deposited with said bank certain collateral, which had been loaned to him by one Graham; that said loan was made for the benefit of The Lake Erie Asphalt Block Company, defendant; that the money, namely, the $5,000 covered by the said note, was passed to the credit of C. H. Burchinal, in The National Bank of Western Pennsylvania; that on May 4, 1900, C. H. Burchinal drew his check to the order of Lake Erie Asphalt Block Company, that the note was renewed from time to time until February 10, 1903, when Mr. Burchinal made a new note to The National Bank of Western Pennsylvania, for $5,000, and withdrew, at the request of one Graham, a part of the collateral which he deposited with the original note and which had remained with the bank as collateral during all the time of renewal,

and that The Lake Erie Asphalt Block Company, in order to enable him to withdraw the said collateral, and in consideration of having received the $5,000 on May 4, 1900, for value, made the contract on which this suit is brought.

To which offer counsel for defendant objected as follows:

Objected to by defendant's counsel as incompetent, irrelevant and immaterial.

The Court: The objection is sustained and an exception is sealed for plaintiff. [6]

*Errors assigned* were (1) refusal to strike off compulsory nonsuit; (2–6) rulings on evidence as above.

*H. V. Blaxter*, with him *J. Norman Martin, Thomas C. Lazear* and *Jesse T. Lazear*, for appellant.—A sufficient consideration for the guaranty was the mere extension of the note, but there was in addition to this a consideration based on the receipt of the proceeds of the original note which continued through all the renewals thereof: Campbell v. Knapp, 15 Pa. 27; Paul v. Stackhouse, 38 Pa. 302.

*Robert K. Aiken*, with him *J. Clyde Gilfillan*, for appellee.—The law in this commonwealth is that a contract of suretyship or guaranty executed by the officers of a corporation without action of the board of directors does not bind the corporation, unless, first, there be a previous course of dealing which would justify the holder of the paper in assuming that the guaranty was properly authorized, or, second, unless the corporation received the benefits of the unauthorized action of its officers: Millward Cliff Cracker Company's Estate, 161 Pa. 157; Worthington v. Railway Co., 195 Pa. 211; Monongahela National Bank v. Harmony Land Co., 226 Pa. 440.

The proof offered was not in support of any allegation in the declaration: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Church v. Feterow, 2 P. & W. 301; Hale v. Hale, 32 Pa. Superior Ct. 37.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

This is an action of assumpsit by The National Bank of Western Pennsylvania against The Lake Erie Asphalt Block Company, brought to recover on a contract guaranteeing the payment of a promissory note of $5,000, dated February 10, 1903. The note was made by one C. H. Burchinal and is payable to The National Bank of Western Pennsylvania, the plaintiff in this action. The guarantee is on the back of the note and is alleged to have been signed by the defendant company.

The declaration avers, inter alia, that "on February 10, 1903, C. H. Burchinal borrowed from The National Bank of Western Pennsylvania . . . . the sum of $5,000 for which he, the said C. H. Burchinal, then and there made, executed and delivered to The National Bank of Western Pennsylvania, his promissory note or obligation bearing date Pittsburg, February 10, 1903, . . . . whereupon the said The National Bank of Western Pennsylvania loaned to the said C. H. Burchinal $5,000, which money the plaintiff is informed and believes and therefore avers and says and expects to prove on the trial of this case, was borrowed by C. H. Burchinal for the Lake Erie Asphalt Block Company. At the time of borrowing the said money and making the loan of $5,000 to the said C. H. Burchinal, the said defendant, Lake Erie Asphalt Block Company, for value received and in consideration of receiving the said money so loaned by the plaintiff as aforesaid, made a written agreement which was indorsed on the back of the said note in words following: 'In consideration of the making at the request of the undersigned of the loan evidenced by the within note upon the terms therein and for the sum of one dollar, the undersigned hereby guarantee to The National Bank of Western Pennsylvania . . . . the prompt payment of the said loan when due,'" etc.

The defendant company pleaded non assumpsit and the matters specially set out in the affidavit of defense which denied that Burchinal had borrowed $5,000 for the com-

pany, that it had received the $5,000 alleged to have been borrowed by him from the plaintiff bank, or that it had executed the alleged agreement of guaranty, and averred that C. H. Burchinal, president, and H. C. Burchinal, treasurer of said company, had no authority to execute the agreement indorsed on said note, that the defendant company had not authorized the Burchinals, by resolution or otherwise, to execute the agreement, and that the agreement was without value, benefit or consideration to the company.

On the trial of the cause the plaintiff offered in evidence the promissory note for $5,000, dated February 10, 1903, payable on demand to The National Bank of Western Pennsylvania, and signed by C. H. Burchinal. On the back of the note appeared the alleged agreement of guaranty which was signed: "Lake Erie Asphalt Block Company, C. H. Burchinal, President, H. C. Burchinal, Treasurer." The plaintiff then made several offers which were rejected and are the subject of the several assignments of error except the first which alleges error in refusing to take off the nonsuit. Substantially the plaintiff proposed to prove by the several offers that the note in evidence was a renewal of another note of like amount between the same parties, dated May 1, 1900, on which Burchinal received the money which was passed to his credit on the books of the bank, that the plaintiff bank loaned to Burchinal $5,000 on May 1, 1900, for which he gave it his note of that date and deposited with the bank certain collateral and that said loan was made for the benefit of the defendant company, that on May 4, 1900, Burchinal drew his check for $5,000 to the defendant's order, that the note was renewed from time to time until Feb. 10, 1903, when Burchinal made a new note to the plaintiff bank for $5,000, and withdrew a part of the collateral which he deposited with the original note and which had remained with the bank as collateral during the time of renewal and the defendant, in order to enable Burchinal to withdraw the collateral and in consideration of hav-

ing received the $5,000 on May 4, 1900, made the contract on which the suit was brought.

The plaintiff having rested its case, the court on motion of defendant's counsel granted a compulsory nonsuit which it subsequently refused to take off.

One of the grounds for a nonsuit, sustained by the court, was that the plaintiff's probata and allegata did not agree. An inspection of the statement will clearly disclose that the learned court was right in holding that the several offers of evidence were not admissible under its averments. The plaintiff made no offer to amend but insisted on trying its case on the statement as filed. Notwithstanding the looseness of pleading which exists at present, the plaintiff is still required to file a declaration of his cause of action which "shall consist of a concise statement of the plaintiff's demand." When the defendant is brought into court to answer a claim made against him, he is entitled to know the plaintiff's cause of action that he may be prepared to meet it. The purpose of pleading is to form a clear and distinct issue for the trial of the cause between the parties. The statement should be sufficiently explicit to enable the defendant to prepare his defense. A plaintiff cannot file a statement which avers one cause of action, and be permitted, on the trial, to prove a different cause of action. He must state the claim on which he will rely to recover so clearly and concisely that the defendant may be fully advised as to what he is called upon to meet.

The statement in this case, it will be observed, avers that the money for which the note in suit was given was borrowed on Feb. 10, 1903, and that it was borrowed for the defendant company and was the consideration for the alleged guarantee. These averments would not be sustained by the testimony contained in the offers, the exclusion of which is complained of in the assignments of error. There is no allegation in the statement that the note in suit was the renewal of a note given in 1900 or that the money for which the original note was given was borrowed at that

time; nor is there any allegation that the money borrowed in 1900 was paid to the defendant and was the consideration for the guarantee sued on or that on May 4, 1900, Burchinal paid to the defendant company $5,000 in consideration of which it made the contract on which the suit was brought. These were the several matters which the plaintiff proposed to prove in support of its cause of action. None of the alleged facts were averred in the statement; on the contrary, the statement distinctly avers that the money was borrowed on Feb. 10, 1903, and that the guarantee in suit was given "at the time of borrowing the said money and making the loan of $5,000 to the said C. H. Burchinal." If the matters alleged were material to the plaintiff's recovery, it goes without saying that they should have been averred in the statement, and if not so averred could not be proved on the trial of the cause. Prior to the offers of evidence, the defendant company had no notice of the several matters offered to be proven, and hence was not prepared to meet such proof. It had notice, by the statement, that the plaintiff's claim rested upon the guarantee of a promissory note, dated February 10, 1903, for money borrowed that day and received by it at that time, and was prepared to defend against such claim; but it had no notice or knowledge, of what the plaintiff proposed to prove on the trial, viz.: that Burchinal had borrowed $5,000 in 1900, had given his note for it, and that the defendant had received that money as a consideration for the guarantee sued on. To admit the proof offered under the pleadings in this case would be in effect to abolish pleading and to permit parties to make proof of matters foreign to the cause of action declared on in their statement. The learned court was right in excluding the plaintiff's offers under the pleadings in the case.

The Burchinals had no authority from the board of directors of the defendant company to execute the guarantee, and hence it was unauthorized. It is conceded by the plaintiff bank that there was no course of dealing by which the bank was justified in assuming that the Burchi-

nals were authorized to execute the guarantee. In order to sustain an action on the guarantee, the plaintiff is therefore driven to the position that the defendant company received the benefit of the loan obtained by the unauthorized act of its officers. But the benefit of the loan must have been received by the defendant by reason of the unauthorized action of the company's officers in executing the guarantee and as part of that transaction. If the corporation received the proceeds or benefit of the officers' unauthorized act, under such circumstances, it is estopped from setting up their want of authority and is liable on the contract. A corporation will not be permitted to accept and retain the benefits of its officer's unauthorized contract, made in its name, and repudiate his authority to make the agreement. Common honesty does not tolerate such indefensible conduct in an individual or a corporation. But where one seeks to charge a corporation on this ground by reason of its officers' unauthorized act, the burden is upon him to show that the corporation received and retained the benefit of the act. The offers, the exclusion of which are complained of in the present case, did not go so far. The plaintiff bank did not offer to show that the loan was made in 1900 for the benefit of the company on the faith of the guarantee executed by its officers. The facts set up in the several offers of testimony contradict any such conclusion. The contract or guarantee was not made until February, 1903, nearly three years after the loan was procured. The offers show that the money was loaned in 1900 to Burchinal on his individual note, and that three days thereafter he drew and delivered to the defendant his individual check for a like amount. If it be admitted that the loan was procured by Burchinal in 1900 for the defendant's benefit, it imposed no liability under the circumstances on the defendant to repay it to the plaintiff bank. It created no contract between the plaintiff and the defendant. The loan could not have been, and was not, made on the faith of the guarantee contract, the sub-

ject of this action, which was indispensably necessary to create a liability on the part of the defendant, as at that time and for nearly three years thereafter the contract had no existence. Conceding therefore, as alleged in the offers, that the loan was obtained for the defendant company's benefit and that it received the money in 1900, it could not have been procured on the faith of or by virtue of the contract of guarantee, but must have been obtained from the bank solely on Burchinal's individual note and the collateral he deposited with the note. The fact, absolutely essential to a recovery in this action, viz.: the existence of the guarantee at the time the loan was made and the benefit was received by the company, was concededly wanting, and in none of the plaintiff's offers did the bank propose to show it. It is manifest that if, in 1900, the loan was made for the defendant's benefit, it was procured by Burchinal individually from the bank; and that if the defendant borrowed the $5,000 obtained by Burchinal from the bank it was borrowed from Burchinal and not from the bank.

It cannot be successfully contended that the defendant received any benefit in 1903 by reason of the guarantee. The forbearance or extension of time given Burchinal by the renewal of his note in that year and the exchange of collateral were of no benefit to the defendant company. The renewal of the note was a benefit to Burchinal, but it was a matter of perfect indifference to the defendant company as it was not liable to the plaintiff for the loan. The benefit to the guarantor which binds him in such cases is one which arises out of the officers' unauthorized transaction, and, as suggested, no benefit came to the defendant by Burchinal's unauthorized act in signing the company's name to the guarantee of the renewal note in 1903. The company had not guaranteed the note of May 1, 1900, nor was it interested in any of the collaterals delivered by Burchinal to the bank to secure the original loan. It was therefore immaterial to the defendant whether or not the loan procured by Burchinal in 1900

was repaid to the bank. It follows that if the offers of evidence made by the plaintiff bank had been admitted, the evidence already in not being sufficient, there could have been no recovery, and, for this reason, the nonsuit was properly entered.

All the assignments, except the first, are in violation of rule 28 of this court and might be disregarded in disposing of the case. The rule provides that when error is assigned to the rejection of evidence the specification must give a reference to the page of the paper-book or appendix where the offer and rejection of the evidence may be found; and that an assignment not according to the rule will be disregarded. There is no reference to the pages of the appendix where these several offers of evidence are to be found, and we were compelled to search the entire appendix to find them. We have repeatedly pointed out the necessity for the observance of this rule, and had our attention been called to the matter at the argument we would have been compelled to enforce the rule. Counsel who take such liberty with the rules which have been adopted to facilitate the business of the court and to aid counsel as well as the court in the examination and consideration of the cause do so at their peril.

The judgment is affirmed.