### Boyle, Appellant, *v.* Breakwater Company.

*Practice, C. P.—Pleading—Rule to suppress statement of claim—Affidavit of defense.*

1. Where a defendant files an affidavit of defense, and this is followed by a rule on the part of the plaintiff for judgment for want of a sufficient affidavit of defense, the defendant has no

standing thereafter to petition the court to suppress the statement because it was not concise and contained unnecessary recitals of evidence. The filing of the affidavit of defense was an abandonment of the defendant's right to attack the regularity or sufficiency of the statement.

2. In such a case where the court below makes an order suppressing the statement, and thereafter discharges the rule for judgment, without argument and without passing upon the merits of the plaintiff's claim or the sufficiency of defendant's affidavit, the appellate court will reverse both orders and award a procedendo, so the parties may take such orderly procedure as they may desire.

3. A statement of claim should aver clearly and concisely such facts as, if not successfully controverted, would entitle the plaintiff to a verdict. It should not include immaterial matter or the evidence by which the claim is to be sustained; and it should be as comprehensive, but as brief, as the averments of the material facts will permit. Per MESTREZAT, J.

Argued January 16, 1913. Appeal, No. 384, Jan. T., 1912, by plaintiffs, from orders of C. P. No. 3, Philadelphia Co., June T., 1912, No. 2249, suppressing plaintiff's statement of claim and dismissing rules for judgment for want of sufficient affidavits of defense in case of Samuel A. Boyle, Jr., and A. B. Greenshields, trading as Samuel A. Boyle, Jr., & Co., v. Breakwater Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rules to suppress statement, and for judgment for want of sufficient affidavits of defense. Before MC-MICHAEL, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were order suppressing statement and order discharging rule for judgment for want of sufficient affidavits of defense.

*George Quintard Horwitz,* with him *Frank Smith,* for appellant.—The petition to suppress the statement was too late: Bradley v. Potts, 155 Pa. 418; Heller v. Ins.

Co., 151 Pa. 101; Hanover Fire Ins. Co. v. Easton, 17 Pa. D. R. 915; Shelly v. Kuestner, 19 Pa. Superior Ct. 219; Byrne v. Hayden, 124 Pa. 170.

The statement was proper: Fritz v. Hathaway, 135 Pa. 274; Winkleblake v. Van Dyke, 161 Pa. 5; Second Nat. Bank v. Gardner, 171 Pa. 267; Com. v. Magee, 24 Pa. Superior Ct. 329; Aggue v. R. R. Co., 3 Pa. D. R. 96; Astrich v. Ins. Co., 13 Pa. D. R. 350; Rosenblatt v. Weinman, 230 Pa. 536.

*A. S. L. Shields,* for appellee.—The statement of claim was properly suppressed: Imhoff v. Brown, 30 Pa. 504; Clark v. Lindsay, 7 Pa. Superior Ct. 43; Fritz v. Hathaway, 135 Pa. 274; Newbold v. Pennock, 154 Pa. 591; Emmens v. Gebhart, 7 Pa. C. C. R. 522.

OPINION BY MR. JUSTICE MESTREZAT, March 17, 1913:

This is an action of assumpsit brought June 27, 1912, to recover a balance alleged to be due the plaintiffs as fiscal agents of the defendant company in negotiating the sale of certain collateral trust notes made and executed by the defendant. The plaintiffs filed a statement of their claim which covers thirty-seven printed pages and embracing a copy of the contract which covers less than three pages. The defendant presented a petition to the court below alleging that the statement was not concise and within the terms of the act of assembly but contains a mass of averments of a purely evidential character and for this reason praying the court to suppress it. A rule was issued to show cause why the prayer of the petition should not be granted which the court subsequently made absolute. The learned court also refused to grant judgment for the plaintiffs for want of a sufficient affidavit of defense. The action of the court in each instance is assigned for error.

We cannot inquire into the merits of the case, either on the rule to suppress the statement or the rule for judgment for want of a sufficient affidavit of defense.

The court was in error in suppressing the statement. This will appear by a chronological statement of the pleadings. The statement was filed July 29, 1912, and a rule was taken on the defendant to file an affidavit of defense. The affidavit was filed August 17, 1912. A rule for judgment for want of a sufficient affidavit of defense was taken August 29, 1912. The rule to suppress the statement and stay all proceedings was issued September 19, 1912. A supplemental affidavit of defense was filed September 23, 1912. On September 25, 1912, plaintiffs filed an answer to the petition to suppress the statement of claim, and on the same day a rule for judgment for want of a sufficient supplemental affidavit of defense was issued. The court made absolute the rule to suppress the statement on November 11, 1912, and discharged the rule for want of a sufficient affidavit of defense on November 15, 1912.

If it be conceded that the statement of claim was justly open to the objection raised by the defendant company, it clearly waived its right to insist upon the objection by its laches. As the record disclosed, the rule to suppress the statement was not taken until after the defendant had filed an affidavit of defense to the merits of the claim and a rule had been taken for want of a sufficient affidavit of defense. One who seeks to avail himself of technical objections to pleadings must do so at the earliest opportunity. He cannot be permitted by his pleadings to raise an issue on the merits of the case and thereafter to attack the sufficiency of his opponent's pleadings. He may waive the irregularities and formalities in the pleadings, and he does so if, without objection, he proceeds to invite the judgment of the court on the merits of the case. It is well settled that a demurrer and affidavit of defense cannot be filed to a statement of claim at the same time. The filing of the affidavit to the merits is an abandonment of the demurrer. A like rule prevails here. The filing of the affidavit of defense to the plaintiffs' statement of claim

was an abandonment of the defendant's right to attack
the regularity or sufficiency of the statement.  When
the rule was taken for judgment for want of a sufficient
affidavit of defense the only reply that the defendant
company could make was the form of its affidavit.  It
was then too late for it to question the sufficiency or
regularity of the plaintiffs' statement.  Not only did the
defendant company manifest its intention to rely upon
a defense to the merits by filing an affidavit of defense,
but it continued to rely upon such defense by filing a
supplemental affidavit after it had taken the rule on the
plaintiffs to suppress their statement of claim.  It would
be a most singular proceeding to permit the defendant
after such conduct to attack the plaintiffs' statement.
We know of no authority and have been referred to none
that sustains its position, and it would certainly be con-
trary to orderly procedure to permit it.

Whether the statement of claim is open to the objec-
tion raised by the defendant company, or whether it has
adopted the proper procedure to attack the statement
we are not called upon to decide.  It may be well to sug-
gest, however, that the Practice Act of 1887 provides
that the plaintiff's declaration "shall consist of a concise
statement of the demand."  The statement should aver
clearly and concisely such facts as if not successfully
controverted would entitle the plaintiff to a verdict.  It
should not include immaterial matter or the evidence by
which the claim is to be sustained.  It should be as com-
prehensive but as brief as the averments of the material
facts will permit.  As has been well said, the statement
should not only be concise but precise, exhibiting with
accuracy and completeness the ground on which recov-
ery is sought.  These requirements in a statement are
clearly contemplated by the practice act, and we have
no doubt that the court has a right, in a proper pro-
ceeding and at the proper time, to enforce a compliance
with them.

While the rule for judgment for want of a sufficient

affidavit was pending and undetermined the rule to suppress the statement was taken. As already noted, the learned court below made absolute the rule to suppress the statement on November 11, 1912, and did not discharge the rule for judgment until November 15. Manifestly, the plaintiffs were not entitled to judgment after the statement had been suppressed, and the learned court discharged the rule without argument and without passing upon the merits of the plaintiffs' claim and the sufficiency of the defendant's affidavit of defense. In this condition of the record we cannot pass upon the merits of the rule for judgment. We are not a court of first instance in cases of this character, and can only review the action of the common pleas in disposing of the rule. Having determined that the court erred in suppressing the statement, and that, therefore, it should have passed on the sufficiency of the affidavit of defense, we will reverse the court's order in refusing judgment so that the record may be in shape for the parties to take such orderly procedure as they may desire. The defendant company should enter its plea promptly and the case be put at issue so that an early trial may be had.

The order of the court below in making absolute the rule to suppress the statement is reversed, as is also the order discharging the rule for judgment for want of a sufficient affidavit of defense, and a procedendo is awarded.