## Lutz et ux. v. Tamaqua Borough.

*Practice, C. P.—Trespass—Affidavit of defence—Waiver of objection to statement of claim—Act of May 3, 1917.*

The filing of an affidavit of defence in an action of trespass constitutes a waiver of defendant's right to attack the regularity or sufficiency of the statement of claim, even though the defendant, being a municipality, was relieved from filing an affidavit of defence by the Act of May 3, 1917, P. L. 149.

Motion and rule to strike off plaintiff's statement. C. P. Schuylkill Co., Sept. T., 1921, No. 449.

*R. P. Swank* and *J. B. Reilly*, for plaintiff.

*R. J. Graeff* and *J. O. Ulrich*, for defendant.

Koch, J., March 20, 1922.—The plaintiff's statement was filed on Aug. 26, 1921, and the defendant filed an affidavit of defence on Sept. 12, 1921. Later the case was put on the January trial list, but continued, and, on Feb. 6, 1922, the present rule was obtained, the borough council having elected a new solicitor. The case is now on the March trial list.

The borough was not required to file an affidavit of defence (Act of May 3, 1917, P. L. 149), but having done so anyhow, the affidavit of defence amounts to a plea, and, the case being on the trial list, we see no reason for delaying the trial. If the statement of claim does not conform with the Practice Act of 1915, P. L. 483, a motion to strike it off should have been promptly made in accordance with the 21st section of that act. "One who seeks to avail himself of technical objections to pleadings must do so at the earliest opportunity. He cannot be permitted by those pleadings to raise an issue on the merits of the case and thereafter to attack the sufficiency of his opponent's pleadings. . . . The filing of the affidavit of defence to the plaintiff's statement of claim was an abandonment of the defendant's right to attack the regularity or sufficiency of the statement:" Boyle v. Breakwater Co., 239 Pa. 577. See, also, Fuller v. Stewart Coal Co., 27 Dist. R. 512, and Noll v. Insurance Co., 34 York Leg. Record, 137.

The motion and rule are respectively denied and discharged.

From M. M. Burke, Shenandoah, Pa.