### Zerby v. Citizens National Bank of Lansford, Pa.

*Practice, C. P.—Statement of claim—Striking off statement—Affidavit of defence—Act of May 14, 1915.*

1. The filing of an affidavit of defence to the merits is an abandonment of the right to demur; technical objections to the pleadings must be raised at the earliest opportunity.

2. A motion to strike off a statement of claim as defective, under section 21 of the Act of May 14, 1915, P. L. 483, must precede a statutory demurrer under section 20 of the act.

Motion to strike off plaintiff's statement. C. P. Carbon Co., April T., 1921, No. 44.

*Freyman, Thomas & Branch,* for plaintiffs.

*F. P. Sharkey* and *L. C. Scott,* for defendant.

BARBER, P. J., Oct. 15, 1922.—To plaintiffs' statement defendant filed an affidavit under section 20 of the Practice Act, denying plaintiffs' right to judgment for want of an affidavit of defence and to require an answer to the allegations of the statement.

After argument, defendant's affidavit was sustained in part and leave granted to file a supplemental affidavit as to certain other parts of the statement.

Thereupon defendant presented the present motion, under section 21 of the act, to strike off plaintiffs' statement. When this motion was made, having already filed a lengthy opinion upon the questions raised by the demurrer, we were disposed to deny the motion without argument, as being merely dilatory. We were assured, however, by counsel that the motion was not for the purpose of delay, but was made in good faith in accordance with what they conceived to be the proper practice under the act, and upon the advice of other eminent counsel. Defendant further contends that the Practice Act gives the right, under section 20, to file an affidavit raising questions of law, and, under section 21, to move to strike off; that neither has precedence given it by the act, and that the filing of a demurrer is not a waiver of the statutory right to move and to strike off.

The filing of an affidavit to the merits is an abandonment of the demurrer, and technical objections to the pleadings must be raised at the earliest opportunity: Boyle v. Breakwater Co., 239 Pa. 577.

We have, then, two statutory technical objections, one against the substance of plaintiffs' cause of action and the other to the form: Kennedy v. Railway Co., 29 Dist. R. 751.

"The effect of an affidavit of defence in the nature of a demurrer, under the Practice Act of May 14, 1915, P. L. 483, is to test the sufficiency of the plaintiff's statement, which must be self-sustaining and set out a good cause of action:" Grace Contracting Co. v. Railway Co., 259 Pa. 241.

Whatever may be the statutory rights of the parties, we have in the present case a very persuasive reason why the motion to strike off should have been first filed. The demurrer questioned plaintiffs' right to an answer, or, in other words, whether they had stated a good cause of action. Plaintiffs' statement consisted of thirty-five numbered paragraphs. As to twelve of these, the demurrer, in a rather lengthy opinion, was overruled, and sustained as to the remaining twenty-three. We are now asked to strike off the whole statement, and, should the motion prevail and a new or amended statement be filed, we may again have to pass upon an affidavit of defence raising other questions of law. If this can be done, then it cannot be said that the Practice Act is conducive to a speedy formation of an issue. The order of procedure under the Practice Act does not seem to have been thus far determined, but whatever procedure is adopted in the present case, we shall in future, at least until the practice is settled by our appellate court, require that the motion to strike off, under section 21, shall precede the affidavit under section 20. We should first have a form, either found or admitted, to meet the requirements of the act before being called upon to consider the contents.

The Procedure Act has not changed the principles of pleadings, nor would it seem necessary to again quote the language of the act in relation to the requirements of the statement.

Two of our most eminent Common Pleas judges have so well stated the principles that should guide the pleader in drafting his statement that we quote them.

In Barto v. Shaffner, 26 Dist. R. 957, Judge Endlich says: "It seems very clear that the questions of law contemplated by section 20 are those, a decision upon which disposes of the whole or a part of the plaintiff's claim, such as under the old practice might be interposed by demurrer. Defects in structure of the statement or its contents, falling short of that, are dealt with in section 21, authorizing the striking off, on motion, of any pleading not conforming to the provisions of the act. Such manifestly is the alleged prolixity of the statement, which, under section 5, must be in 'concise and summary form,' and, under section 9, 'as brief as the nature of the case will admit.'"

And in Kennedy v. Railway Co., 29 Dist. R. 751, Judge Edwards: "We cannot impress too strongly on the members of the bar that one of the purposes of the Practice Act is to simplify pleading. The 5th section of the act states in a few plain words that 'every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts, . . . but not the evidence . . . or inferences or conclusions of law, and shall be divided into paragraphs, numbered consecutively, each of which shall contain but one material allegation.'"

"The doctrine of pleading is founded in strong sense; its excellence consists in its simplicity in bringing some precise fact to issue:" Strohecker v. Grant's Executors, 16 S. & R. 237.

"When the defendant is brought into court to answer a claim made against him, he is entitled to know the plaintiff's cause of action that he may be prepared to meet it. The purpose of pleading is to form a clear and distinct issue for the trial of the cause between the parties:" National Bank v. Block Co., 233 Pa. 421, 428.

In our former opinion we found plaintiffs, in part, had stated a good cause of action, and we are, therefore, not now disposed to grant this motion.

And now, Oct. 15, 1922, the defendant's motion to strike off plaintiffs' statement is denied.

From Jacob C. Loose, Mauch Chunk, Pa.