## Leshefka v. Homa et ux.

*John Skweir* and *E. D. Smith*, for plaintiff.
*P. B. Roads* and *George M. Roads*, for defendants.

KOCH, P. J., July 23, 1928.—The bill was filed Nov. 2, 1925, and the defendants filed preliminary objections thereto on Dec. 3, 1925. The record so stood

until March 16, 1926, when the defendants filed an answer to the merits of the bill. More than ten months later, the defendants presented a written motion, on Jan. 27, 1927, for leave to withdraw said answer on the merits and to have the bill heard on the preliminary objections thereto. The motion was dismissed Feb. 7, 1927, and the defendants were granted an exception. Such action is now made the first exception to the chancellor's findings, conclusions and decree *nisi*. It has no proper place among those exceptions, and, if it had, we would say the ground thereof is not tenable. "One who seeks to avail himself of technical objections to pleadings must do so at the earliest opportunity. He cannot be permitted by his pleadings to raise an issue on the merits of the case and thereafter to attack the sufficiency of his opponent's pleadings:" Boyle *v.* Breakwater Co., 239 Pa. 577, 590; Fritz *v.* McGeehan, 4 D. & C. 470. "Equity Rules 48 and 49 must be construed in the same way" as the Practice Act of May 14, 1915, P. L. 483: Gray *v.* Philadelphia and Reading Coal and Iron Co., 286 Pa. 11, 15.

Exceptions 2 and 3 are to findings of fact, which are clearly and well supported by the evidence. The defendants offered no evidence whatever save the record of the case on the common law side of this court by Leshefka *v.* Homa, entered to No. 285, May Term, 1924 [10 D. & C. 156]. And no evidence has been pointed out to us that contradicts any of said findings. They stand uncontradicted and must be permitted to stand.

Exceptions 4, 5, 6, 7, 8, 9 and 10 are all grounded on the chancellor's non-affirmance of as many requests by the defendants for findings of fact. The Equity Rules no longer require a chancellor to either affirm or negative such requests. He must, however, file them. Of course, he will carefully consider such requests when he comes to make up his findings. But his failure to adopt, refuse or modify them forms no basis for exceptions.

The same remarks apply to exceptions 11, 12 and 13, which refer to the chancellor's non-affirmance of certain requests of the defendants for findings of legal conclusions.

The chancellor's findings of fact, discussion and conclusions of law are ample for a decree in this case, and, in our opinion, vindicate the same.

And now, July 23, 1928, after hearing argument before the court *in banc* on all the exceptions filed by the defendants, and upon due consideration, it is finally ordered, adjudged and decreed that the defendants, Steve Homa and Helen Homa, his wife, shall within twenty days make, sign, execute, acknowledge and deliver to the plaintiff, Peter Leshefka, a mortgage in proper form, acceptable to him or his counsel, upon

"All that certain lot or piece of ground, situate on the Westwardly side of Second Street, in the Borough of Saint Clair, County of Schuylkill and State of Pennsylvania, being a portion of lots numbered thirty (30) or thirty-one (31). Bounded and described as follows, to wit: Commencing at a point on the Westwardly side of Second Street, thence westwardly along property of Robert F. Weaver, and at right angles to said Second Street, a distance of One hundred and seventy-two (172) feet, more or less, to a point two (2) feet east of the brick garage (the property of Robert F. Weaver), thence southwardly and parallel to said Brick Garage a distance of eight (8) feet to a point, thence westwardly on Second Street to said Brick Garage a distance of twenty-eight (28) feet, more or less, to a point on the Eastwardly side of Third Street, thence southwardly along the Eastwardly side of Third Street Sixteen and one-half (16½) feet to a point, thence eastwardly along property now or late of Frank P. Post and wife a distance of Two hundred (200) feet to a point on the Westwardly side of said Second Street; thence

northwardly along said Second Street a distance of Twenty-four and one-half (24½) feet to the place of beginning," to secure the payment to the plaintiff of $10,864.42, with interest from Nov. 20, 1924; and it is further ordered, adjudged and decreed that the defendants pay the costs, and that they be restrained from conveying or in any wise encumbering the said premises until at least one day after said mortgage has been executed, acknowledged, delivered and recorded, said mortgage not to be subject to foreclosure until three months after its date. All the exceptions are dismissed.

From M. M. Burke, Shenandoah, Pa.