## Dallas Township School District v. Krause et al.

G. J. Clark, for plaintiff; Charles L. Robbins, for defendant.

COUGHLIN, J., March 6, 1934.—Plaintiff school district brings suit against defendants for taxes alleged to be owing by the latter to the former, and sought to be recovered by action of assumpsit under section 503 of the School Code of May 18, 1911, P. L. 309. That section provides:

"Every school district in this Commonwealth may, in addition to the present manner and remedies provided by law for the collection of school taxes, maintain an action in assumpsit for the collection of any unpaid school taxes, before any magistrate, justice of the peace, or alderman, or in any court of record; and to any judgment obtained for such taxes there shall be added a penalty of ten per centum, together with costs of suit, upon which judgment an execution may be issued without any stay of execution, and no defendant in any such judgment shall have the right to any exemption of property levied upon to collect the same."

The motion to strike off the claim is based, inter alia, upon the affidavit to

the statement, sworn to by A. P. Keifer, who styles himself president of the board, but does not allege that as such his duties require him to have knowledge of the facts. The affidavit, being that of the president of the board, who is one of the executive officers of the district, is sufficient.

Section 9 of the Practice Act of 1915 requires the pleadings to be sworn to by the plaintiff or some person having some knowledge of the facts. The plaintiff being a municipal corporation, the executive officer fulfills the law when swearing that the claim is true and correct. Affidavits have been held sufficient under this act when made by an officer of a corporation: Philadelphia & Reading Coal & Iron Co. v. Stambaugh, 26 Dist. R. 275; Sherman Lumber Co. v. Hoyt, 19 Luz. L. R. 469; The National Surety Bank of Phila. v. Kuritzkin, 26 Dist. R. 1013; J. B. Colt Co. v. Shirk (No. 2), 3 D. & C. 665.

A second reason in support of the motion is, in effect, that no copies whatsoever of the official proceedings on which taxes are based and sued upon are attached to the statement of claim, in violation of section 5 of the Practice Act of May 14, 1915, P. L. 483, stipulating:

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation. Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defense, as the case may be; and a particular reference to such record, or to the record of any deed or mortgage, or other instrument of writing, recorded in such county, shall be sufficient in lieu of a copy thereof."

This is not a suit upon a book account, nor is it based upon any record of any court within our jurisdiction. The claim is based upon the fact that a person is either (a) a resident, or (b) a property owner in the plaintiff school district; (c) that he has been properly and duly assessed; (d) that a levy has been made by proper officers in a legal manner; (e) that a duplicate duly issued each year to the proper tax collector for collection; and (f) that the taxes were not paid on or before the date following which penalty accrued. The aforesaid facts are averred in merely general terms. It is too late to question the assessment valuation. That could be done only on appeal. However, defendant is entitled to a compliance with the requirements of the Practice Act to the effect that every pleading must contain and contain only a statement in a concise and summary form of the material facts on which the party pleading relies for his claim. While facts are averred generally in plaintiff's statement, it does not appear upon what property the taxes are owing. Defendant may own a large number of properties and may have paid the taxes on some and not on others. He is entitled to know the basis of the claim against him. From the plaintiff's statement it does not appear whether the taxes sought to be collected are made up entirely of real estate taxes or include per capita tax or tax as resident of the district. While the assessed value is set forth in lump sum, for a given year, it does not appear whether this is on one property or several. Furthermore, it does not appear what was the millage levied, nor can it be ascertained by dividing the tax by the assessed value in each instance; nor does it appear when the tax in any one year was levied; nor is there a copy of the duplicate, insofar as it affects the defendant, issued to the proper tax collector for collection, nor a copy of the certification by the tax

collector showing tax to be unpaid and delinquent; nor does it show a copy of the resolution or action of the board fixing the millage and the time of the fixing thereof upon which would depend the accruing of the penalty. Thus cases have come to our attention within the county where the duplicate was not issued to the proper tax collector for collection until after the date fixed by law for the accruing of penalties.

We believe, therefore, that plaintiff's statement should be amended, informing defendant of these facts upon which the claim against him is based, in a clear and concise manner, rather than averring in a general statement that defendant, as a property owner in the municipality, owes a given amount of taxes, plus a given amount of penalties. The statement should not only be concise, but precise, exhibiting with accuracy and completeness the ground on which recovery is sought. These requirements in a statement are clearly contemplated by the Practice Act, and we have no doubt that the court has a right in a proper proceeding and at the proper time to enforce a compliance with them: Boyle v. Breakwater Co., 239 Pa. 577, 581.

While the cases cited by defendant relate to tax liens and the particularity of the statement of liens rest upon the statute providing for their entry, still, by analogy, if plaintiff's statement is to be clear, concise, and precise as to the claim against defendant, defendant is as much entitled to particularity, if recovery is sought by assumpsit, as where it is sought by lien.

Furthermore, section 5 of the Practice Act should be observed insofar as it provides that the statement shall be divided into paragraphs, each of which shall contain but one material allegation.

In accordance with the above, therefore:

Rule absolute, unless plaintiff amends his statement curing objections.

From Frank P. Slattery, Wilkes-Barre, Pa.