Sud-Rheinische Gesellschaft, M. B. H. *v.* Rosedale Foundry & Machine Company, Appellant.

188

Argued April 25, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Max U. Applebaum,* and with him *O. S. Richardson,*
for appellant.

*Edward G. Bothwell* of *Morris, Walker & Bothwell,*
for appellee.

Per Curiam, May 7, 1934:

This appeal is from the entry of a judgment in favor
of the plaintiff by the county court on the pleadings.
The uncontradicted facts show that on June 10, 1931
C. W. Jones, vice-president and superintendent of the
foundry department of defendant company, signed an
order to the plaintiff for 1½ gross of safety locks at
a price of $3.80 per lb. delivered. On June 29, 1931,
plaintiff notified defendant by letter of its confirma-
tion of the order. The plaintiff alleged that on Sep-

tember 23, 1931, the merchandise as ordered was delivered. Defendant does not question the receipt of the goods; however, he denies delivery on the date specified but does not state when they were received. No objection was made by the defendant until October 7, 1931, when it cabled plaintiff "Very large mistake. Cannot locate your agent. Notify him to write or see us immediately."

Appellant's first objection to the court action is that the statement of claim is verified by plaintiff's attorney. The proper manner and time of attacking any imperfection of or irregularity in the statement was by a motion to strike it off before filing an affidavit of defense on the merits; Boyle v. Breakwater Company, 239 Pa. 577. Appellant contended further that C. W. Jones was not the agent of the defendant duly authorized to act on its behalf. It was the duty of the defendant, if it intended to disavow the vice-president's authority or repudiate its liability for the merchandise, to give notice to the plaintiff within a reasonable time and not wait until more than three months after confirmation of the order. Its failure so to act promptly raises a presumption of assent of authority and the acceptance of the merchandise. It is now too late for the defendants to avail themselves of that defense.

Judgment is affirmed.