## Marcurio v. Maceiunas

*W. J. Krencewicz,* for plaintiff.

*Noonan, Pace & Lavelle, Hicks, Williamson, Fried-berg, Jones & McKenna, Troutman & Zimmerman* and *Howard G. Stutzman,* for defendants.

STAUDENMEIER, J., October 24, 1966.—A complaint in trespass was filed by plaintiff against Joseph Maceiunas, the Borough of Mahanoy City, the Pennsylvania Power and Light Company, a corporation, and Mahanoy Township Authority (Mahanoy Township Water Authority), a municipal corporation, averring, inter alia, that defendant, the Pennsylvania Power and Light Company, a Pennsylvania corporation, is engaged in the distribution, transmission and supply of electricity and power, including the transmission of electricity along electrical wires in the Borough of Mahanoy City, and said wires being maintained on large, wooden poles implanted on the sidewalks at various places in the Borough of Mahanoy City; that defendant, Mahanoy Township Authority, is a municipal authority; that on February 10, 1965, defendant, Joseph Maceiunas, was the owner and in possession of a dwelling house known and numbered as 229 West Centre Street, Mahanoy City; that the adjoining premises, also being a dwelling house, are owned by defendant, Joseph Maceiunas; that upwards of one year prior to February 10, 1965, the exact date not being known to plaintiff, but known to defendant, the Pennsylvania Power and Light Company, said defendant erected on the sidewalk in front of the premises owned by defendant, Joseph Maceiunas, at 229 West Centre Street, near the curb of the pavement in front of said premises a wooden pole, commonly known as a power light pole, to be used in connection with the

transmission of electrical power by means of electrical wires attached thereto near the upper portions of said pole; that said Pennsylvania Power and Light Company did, at a time unknown to plaintiff but known to defendant, Pennsylvania Power and Light Company, dig a large hole at and near said pole and caused the pavement thereof of defendant, Joseph Maceiunas, to be torn; and that the area surrounding said pole was later covered with a material resembling macadam, as a result of which small depressions existed in the sidewalk in the area adjacent to said pole of defendant, Pennsylvania Power and Light Company, and that said depressions continued to exist from the time they were created by defendant to and including February 10, 1965; and that during cold weather, snow and ice would collect in said depressions and, by the process of accretion, formed ridges and holes or depressions therein; that said defendant, the Mahanoy Township Authority, also known as the Mahanoy Township Water Authority, did make repairs on the sidewalk in relation to the installation or correction of a rounded iron jacket or pipe installed at or near said pole of defendant, Pennsylvania Power and Light Company, and in so doing, "did uncover some of said sidewalk and thereafter did cover said sidewalk", which subsequently caused small depressions to exist at or near said water outlet, valve, gauge and/or jacket; and that this fact was known to defendant for the reason that during cold weather snow and ice would collect in said small depressions and, by the process of accretion, formed ridges and holes or depressions therein; that by reason of the creation of the pole and water jacket there existed at the location of the pole and water outlet or jacket "a slant, slight grade in the sidewalk which was known to all of the defendants herein"; that on February 10, 1965, at or about 8:45 a.m., plaintiff was walking along the north side of

Centre Street and in front of the premises known as 229 West Centre Street, owned by defendant, Joseph Maceiunas; that, at this time and place, her feet came in contact with the ridges of ice, covered by snow, which caused her to fall to said sidewalk, whereby she incurred injuries; that said ridges of ice and snow existed for a sufficient period of time whereby all of the defendants had reason to know of said conditions.

The alleged negligence of Joseph Maceiunas, the Borough of Mahanoy City, the Pennsylvania Power and Light Company and the Mahanoy Township Authority is set forth in the complaint along with an averment of the injuries suffered by plaintiff. Claimant avers that she is totally and permanently disabled as a result of the accident and injuries, and seeks damages therefor.

Preliminary objections were filed by defendants severally and jointly in the nature of: (1.) a motion to strike, and (2.) a motion for more specific complaint.

The first reason advanced in support of the motion to strike is that:

". . . The Complaint fails to individuate the cause of action asserted against each of the defendants in separate causes of action or counts".

In the case of Stranko v. Lazur, 46 Schuyl. 24, 25, a case decided by Dalton, J., objection was made that the form of the complaint is defective in that it fails to state each cause of action in a separate count containing a demand for relief, as required by Pennsylvania Rule of Civil Procedure 1020 (a). The court sustained the objection for the reason that there were not separate counts.

We have a similar situation in the instant case. There are no counts covering each of the four named defendants. The complaint avers negligence against each of the defendants in a similar vein, but the location of the areas wherein each of the defendants par-

ticipated in the formation of the alleged negligent construction is quite different. For instance, it is averred that the Pennsylvania Power and Light Company inserted a power pole in front of the premises owned by defendant, Joseph Maceiunas, and in that area pieces of macadam were placed around said pole. The Mahanoy Township Water Authority put a water jacket near the pole, which is in an entirely different location. All of these places are on the sidewalk in front of the premises owned by defendant, Joseph Maceiunas, in the Borough of Mahanoy City.

We are of the opinion that there should be separate counts against each defendant, inasmuch as the complaint does not conform to the requirements of the rules of civil procedure. See also 2 Anderson Pa. Civ. Prac. 404-05; Bartleson v. Glenn Alden Coal Co., 61 D. & C. 578.

The objection is sustained.

The second reason advanced under the motion to strike is:

"The Complaint fails to specify whether the causes of action are joint or several as to each of the defendants".

Pa. R. C. P. 2229 (b) provides as follows:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action".

Plaintiff does not specify that her joinder of defendants is pursuant to the foregoing rule. Nowhere does she specify as to whether the causes of action are joint or several as to each of the defendants.

In 2A Anderson Pa. Civ. Prac. 156, the following appears:

"When several defendants are joined, the complaint must be sufficiently specific so that it determines whether the plaintiff is suing on the theory that the defendants are separately liable or jointly liable. If the liability is separate, it will be necessary to aver the damages separately. The plaintiff must aver the damages caused by each defendant if they are separately liable. The fact that it may be difficult to determine what damages were caused by each does not excuse the plaintiff from complying with this rule".

In 3 Goodrich-Am. Civ. Prac. §2229(b)-7, the following is set forth:

"The complaint must assert the nature of the liability of each defendant sued pursuant to the permissive joinder provisions of the Rule. The plaintiff may not use conclusions of law to describe the liability. Statements merely describing the defendants as 'acting in concert' or asserting 'joint liability' are insufficient".

The objection is sustained.

In support of the motion for more specific complaint, defendants aver that plaintiff's complaint is indefinite, vague and lacking in particularity in the following respects:

"(a) It fails to specify the location of the sidewalk of the alleged fall of the plaintiff".

It is true that a complaint must state clearly and concisely all of the relevant facts, so that defendant may be fully advised as to what he is called upon to meet: National Bank v. Lake Erie Asphalt Block Company, 233 Pa. 421.

The complaint stated that on February 10, 1965, at about 8:45 a.m., plaintiff was walking along the north side of Centre Street, and in front of the premises known as 229 West Centre Street, owned by Joseph Maceiunas; and that, at the aformentioned time and place, her feet came in contact with ridges of ice cov-

ered with snow, which caused her to fall to said sidewalk. It is our opinion that this is a sufficient statement of the time and place as to advise defendants of what they must meet in this case.

The second reason advanced in support of the motion for more specific complaint is that the complaint fails to sufficiently identify the location, size and appearance of the ridges, holes and depressions alleged to have existed at the time of the accident.

Paragraphs 13, 14 and 15 all refer to ridges of ice upon the sidewalk at or near the pole of the Pennsylvania Power and Light Company and the fixture of the Mahanoy Township Water Authority.

There is no merit to this second objection, and it is overruled.

The third reason in support of the motion for more specific complaint is that the complaint fails to allege with sufficient particularity the period of time during which the ridges existed.

The complaint avers, in paragraph 14:

"That said ridges of ice and snow existed for a sufficient period of time whereby the said defendants . . . knew or had reason to know of the existence of said condition".

In our opinion, this is a matter of proof, and whether the ridges existed for one hour or one month prior to plaintiff's fall will be shown by the evidence at the time of trial. That is when it will become an important factor. We see no need at this time to aver specifically the length of time that the ridges were in existence prior to plaintiff's fall.

We see no merit in the third subsection of the motion for more specific complaint, and the same is overruled. The motion for more specific complaint is denied.

And now, October 24, 1966, defendants' motion to strike is sustained, and defendants' motion for more specific complaint is denied.