McCall Company *v.* Kershbaum et al., Appellant.

Argued October 2, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Philip Dorfman,* and with him *J. Jerome Katz,* for appellant.—Judgment for want of a sufficient affidavit of defense cannot be entered when the statement of claim fails to state a legal cause of action: Zerfing v. Cleaver, 12 Schuylkill 159; Bell Co. v. Monroe Hotel Co., 73 Pa. Superior Ct. 460; Helfenstein v. Line Mountain Coal Co., 284 Pa. 78.

The form of the counterclaim sufficiently complies with the requirements of the Practice Act of 1915: Morris v. Minnick, 95 Pa. Superior Ct. 82.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,* for appellee.—Plaintiff's statement of claim is sufficient to support the judgment: Boyle v. Breakwater Co., 239 Pa. 577.

The affidavit of defense is wholly insufficient: Gross v. Exeter Machine Works, 277 Pa. 363; Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589; Wayne Tank & Pump Company v. Thomas Petroleum Products Company, 83 Pa. Superior Ct. 158; Breitweiser Lumber Company v. Crick, 55 Pa. Superior Ct. 72.

Defendant's set-off and counterclaim was defective in substance and in form: Baker v. Tustin, 245 Pa. 499.

OPINION BY BALDRIGE, J., November 22, 1929:

The defendant complained of the lower court entering judgment for plaintiff for want of a sufficient affidavit of defense and striking off his counterclaim.

This suit is based on a written contract covering a period of years, by the terms of which the plaintiff was to furnish certain patterns, magazines, etc., to two stores owned by the defendant, located at Allentown and Easton. Plaintiff furnished the materials

but the defendant failed to pay therefor. As a result, the plaintiff rescinded the contract and brought this action to recover the balance alleged to be due, amounting to $2,092.01. This sum is made up of an item of $800—a standing credit of $400 allowed on each store, current balances due from the Easton store of $191.62, and from the Allentown store $200.29, and $172.80 for cabinets furnished, making a total of $1,364.71. The plaintiff claimed the further sum of $727.30 for the loss of prospective profits.

Judgment was entered for the plaintiff for $1,364.-71, which excluded the claim for loss of profits.

The defendant alleged that the plaintiff's claim is defective in that it fails to set forth a legal cause of action. The plaintiff clearly and with particularity informed the defendant of the items of his claim and the defendant in his affidavit of defense expressly admitted that he owed plaintiff the exact sum for which the judgment was entered.

Even if we assume, simply for argument, deficiencies in the plaintiff's statement, the filing of the affidavit of defense to the merits of the claim precludes the defendant from successfully attacking it: Boyle v. Breakwater Co., 239 Pa. 577.

The defendant further contends that judgment should not have been entered against him, as certain shipments, which are set forth in paragraph 3 of the plaintiff's statement, were delayed, and, as a result, the goods, consisting of patterns, were unseasonable and not marketable, but he does not aver that the shipments were not received and accepted, or that he offered to return them within a reasonable time; nor is it averred, with any particularity, the credit claimed on account of the tardy deliveries, so that the affidavit in this respect is entirely insufficient: Gross v. Exeter Machine Works, Inc., 277 Pa. 363.

Another position taken by the defendant is that he

is not liable as he notified the plaintiff that he was discontinuing his business, both at Allentown and Easton, and in accordance with notice and agreement he offered to return the merchandise. There is no requirement in the contract for the plaintiff to accept the return of merchandise if the defendant discontinued business. The only reference to that subject is: "Patterns bought from you hereunder and reported by you semi-annually, in January and July, as discarded, may, during the operation of this agreement, be returned by us to your factory at Dayton, Ohio, during that January or February and that July or August only, at 90% of regular wholesale prices, in exchange for any patterns which may be shipped to us hereunder after receipt by you, of the discarded patterns."

The defendant maintains also that the plaintiff cannot recover as he rescinded the contract. This action is based upon the breach of the contract, as a result of which the plaintiff did rescind it. But that action does not affect the amount admittedly due when the contract was breached.

The defendant attempted to set up a counterclaim of $2,565.71, representing the losses sustained as a result of delaying the February shipments to June and the April shipments to July. This amount is made up of a claim credit of "$1,144.30, the price charged for 5,854 patterns at prices originally charged," and for additional credit of "$1,129.41, the price originally charged for 5,754 patterns delivered to the Allentown store;" the balance of the claim is for certain cabinets that were delivered.

The defendant does not set up his counterclaim in the form required by the Practice Act of 1915. He alleged that he is entitled to credits under his averment in certain paragraphs of his affidavit of defense, and thus endeavors to include a portion of the affidavit of defense in his counterclaim. That is not good plead-

ing. A counterclaim is a separate pleading entirely distinct from the affidavit of defense. It should set forth not only a concise, but a complete, self-sustaining statement of all the material facts: Gross v. Exeter Machine Works, Inc., supra.

If, however, that objectionable form of pleading is overlooked and we consider that portion of the affidavit of defense referred to as part of the counterclaim, the latter remains fatally defective.

The defendant fails to give the items comprising his claim. He satisfies himself by informing the plaintiff the aggregate number of patterns he offered to return and the lump sum he claims therefor. This claim lacks the definiteness and particularity required under our decisions: O'Neil v. Burnett, 263 Pa. 216; Anheuser-Busch v. Lenowitz, 94 Pa. Superior Ct. 184.

The lower court very properly entered judgment for all the items except the prospective profits claimed by the plaintiff and in discharging the counterclaim of the defendant.

The judgment is affirmed.