Fidelity Mutual Life Ins. Co. *v.* Power (et al.,
Appellants).

Argued April 20, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

.J. Hamilton Cheston, with him Theodore W. Reath, for appellants.

Francis Shunk Brown, with him Carlos Berguido, Jr., and Ira Jewell Williams, for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 1, 1933:

Appellants and others are the equitable owners of Nos. 12 to 20 S. 23d Street in the City of Philadelphia, the title of their trustee being derived through one D. Bernard Heffernan, who was the mortgagor of the property, by a mortgage now held and owned by plaintiff. When the mortgage fell due, appellants and the other owners sought an extension of time for its payment, and offered plaintiff their collateral obligation if it would consent to the extension. An agreement was thereupon prepared, reciting the names of all the owners as obligors, and it was in fact executed by appellants and all but two of the others. In that form it was presented to and accepted by plaintiff, which took no further steps, at that time, to collect the mortgage debt. The agreement contains no condition requiring signing by all the parties for its validity, nor was it delivered in escrow. For several years the terms of the extension agreement were fully complied with, but subsequently default was made, and plaintiff entered judgment on the agreement against those signing it, in accordance with an authority so to do contained in it. Appellants, who are two of those against whom judgment was entered, then obtained rules to open and strike off the judgment, which were later discharged by the court below, and this appeal followed.

At the bar of this court, appellants expressly admitted that the orders appealed from should be affirmed, if the extension agreement was in law a suretyship obligation. As it was such, we need look no further into the matter. It is quite probable we would hold the agreement to be within the purview of the Act of July 24, 1913, P. L. 971, which provides that "Every written agreement......to answer for the default of another" shall be construed as a contract of suretyship, unless it shall expressly declare otherwise; but, since this agreement does not use the word "default," and for that reason might be construed to be an agreement to answer for the debt rather than for the default of another, we prefer to leave that question open until it is necessary to decide it, especially as the agreement is one of suretyship, entirely aside from the statute.

One of its provisions is that "all the terms, conditions and provisions contained in the said bond and mortgage not inconsistent herewith shall remain in full force and effect." The only inconsistent provisions, as asserted by appellants, are (1) The amount of fire insurance required is reduced from $90,000 to $50,000; (2) Receipts for yearly taxes and water rents must be presented to plaintiff on or before September 1st of each year, instead of December 1st, as specified in the mortgage; and (3) The period of grace for paying the semiannual mortgage interest is extended from ten to thirty days. It will be noticed that the first and third of these changes inured to appellants' benefit; and it is clear that the second, whether taken alone or in connection with the others, cannot operate to make this collateral agreement other than a suretyship contract, since the bond and mortgage are to continue in full force and effect, especially as appellants and their coöbligors expressly "guarantee, assume and covenant to make prompt payment to plaintiff" of each and all of the several sums specified in the bond and mortgage, and do not agree to make payment of any others. It is of interest to note that the default

for which judgment was entered had nothing to do with the nonproduction of tax and water rent receipts, referred to in inconsistent provision (2) above specified.

The orders of the court below are affirmed.