Davis et ux., Appellants, *v.* Mortgage Building and Loan Association.

Argued October 11, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Yale L. Schekter,* for appellants.

*Grover C. Ladner,* with him *Gordon A. Block* and *Bernheimer & Sundheim,* for appellee.

OPINION BY PARKER, J., February 1, 1935:

This is an appeal by plaintiffs from an order discharging a rule for judgment for want of a sufficient affidavit of defense.

On July 9, 1928, the plaintiffs, owners of a bond and mortgage given by Abraham Sobel, entered into an agreement with a building and loan association, now merged with the defendant association, whereby the plaintiffs extended the time for payment of the principal of the bond and mortgage for a period of three years, or until April 23, 1931, and the building and loan association agreed "to make prompt payment of the interest and the balance of the principal of said bond so secured, when and as the same shall respectively fall due, together with all taxes and water rents assessed, and to maintain the fire insurance as aforesaid." It was also agreed that all the terms, conditions, stipulations, and provisions contained in the bond and the mortgage not inconsistent with the extension agreement were to remain in full force and effect.

In April, 1933, default having been made in payment of principal and interest, the mortgage was foreclosed, resulting in a deficiency judgment. Thereupon this action was begun for the recovery of the amount of such judgment. These facts were admitted by the affidavit of defense, and for further answer it was alleged that on March 16, 1932, Jacob P. and Rose Magness, then the real owners of the premises, entered into a second extension agreement with the plaintiffs, mortgagees, without the knowledge and consent of the

defendant, whereby the time for the payment of the mortgage was extended until April 23, 1934; that, at the time the first extension was made, the defendant was not the owner of the premises covered by the mortgage but was the holder of a second mortgage; that it did not become the owner of said premises until the mortgage was foreclosed in 1933; and that the defendant was relieved from its obligations under the first extension by reason of the making of the second extension without its knowledge and consent.

Assuming for the purpose of this motion that at the time the first agreement for an extension was made, as alleged in the affidavit of defense, the defendant was not the owner of the premises covered by the mortgage but was interested therein solely as the holder of a second lien, and that the time for the payment of the bond and mortgage as provided for by the first extension was further extended without the knowledge or consent of the defendant, the order of the lower court was correct. The first extension agreement was in law a suretyship obligation on the part of the defendant: Fidelity Mutual Life Ins. Co. v. Power, 311 Pa. 302, 166 A. 845. In the case last cited the defendant, then the equitable owner of the premises, agreed, with some slight additional changes, to an extension for the time of payment of a mortgage made by a previous owner. One of the provisions of the extension agreement was that "all the terms, conditions and provisions contained in the said bond and mortgage not inconsistent herewith shall remain in full force and effect." Although certain provisions in the extension agreement were not the same as those in the mortgage, the Supreme Court held that notwithstanding these changes they could not "operate to make this collateral agreement other than a surety contract, since the bond and mortgage are [were] to continue in full force and effect." (P. 304)

In the case we are now considering, no changes were made in the conditions of the bond and mortgage other than an extension of time for payment, and the reference to the bond and mortgage was in terms almost precisely the same as that in the case decided by the Supreme Court, to which we have just referred; the terms of the mortgage are referred to, there is a specific undertaking to perform them, and the defendant was not the owner of the premises at the time it made the contract with plaintiffs.

Willock's Estate, 58 Pa. Superior Ct. 159, upon which the appellant relies, is readily distinguishable from the present case. There an agreement was made between an owner of certain premises and the mortgagee in a mortgage given by a former owner whereby the last owner, who had assumed the payment of the mortgage, agreed with the mortgagee in consideration of an extension to be responsible for the payment of principal, interest, etc., due on the mortgage. The original mortgagor sought to be relieved of his obligation on the ground that the time for payment had been extended without his consent, and it was held that the rule did not apply because he was a principal obligor. It is clear that he was. As to the mortgagee, he was, by the very terms of the mortgage, the one primarily liable. Applying the principles of that case to the facts of the present case, the result would be that the original maker, Abraham Sobel, would not be relieved by either extension. Not only is the situation different here, but in addition the defendant building and loan association was not an owner of the premises when the first agreement for an extension was made. In this last respect, the case of Bennett v. Rittenhouse S. T. B. & L. Assn., 313 Pa. 391, 169 A. 757, is likewise distinguished from the present case.

An appellate court should not reverse an order discharging a rule for judgment for want of a sufficient

affidavit of defense unless the case is clear and free from doubt: Colonial Securities Co. v. Levy, 302 Pa. 329, 153 A. 553. If the allegations of the defendant in its affidavit of defense are not sustained on a trial of the case, a different question may be presented.

The order of the lower court is affirmed.