## Reinhardt, Excr., v. 60th Street and Washington Avenue Building and Loan Association, Appellant.

Argued October 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John A. Mawhinney* and *Horace F. McConnell,* for appellant.

*Joseph Skale,* with him *David Bortin,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1936:

This appeal is from the entry of judgment by the court below for want of a sufficient affidavit of defense.

Fannie G. Arthur died, testate, possessed of five shares of stock of the defendant association. William Reinhardt, executor under the decedent's will, alleged in his statement of claim that a letter, dated and mailed June 21, 1933, gave notice of withdrawal and cancellation to the association, which then and thereafter had cash in the treasury, one-half of which was sufficient to pay withdrawing stockholders; that the association was solvent; that the plaintiff had complied with all the requirements of the by-laws relating to withdrawals and cancellations; that the value of the stock, as appeared by the annual report, was $679.21, which the defendant had refused to pay. Attached to the statement, and made part thereof, was a copy of a letter, dated June 29, 1933, from Walter E. Sheldon, secretary of the association, acknowledging receipt of the letter of withdrawal of June 21st to the former secretary, Mr. Mulgrew, wherein it was stated: "As of the June meeting we are cancelling these shares ...... There are approximately one hundred notices ahead of your notice and no payments can be expected for at least one year." As this letter was sent on the 21st and the meeting was on the 20th, it certainly could not be unqualifiedly accepted as a fact that the stock was cancelled on the latter date. What the writer actually meant is a matter of conjecture.

The affidavit of defense admitted practically all the

facts alleged in the plaintiff's statement, except in the seventh paragraph thereof the association denied that there was money applicable to pay the plaintiff, in the following language: "...... that at the time of the receipt of the said notice of withdrawal and cancellation and thereafter the defendant has used what money was in its treasury and what came into its treasury for the purpose of paying current obligations to maintain the assets of the association and to repay a bank loan which it had obtained prior to the time of the receipt of the said notice of withdrawal and cancellation. Defendant further avers that there is a substantial balance due to the bank which must be paid before any payments are made to withdrawing stockholders."

Judge BONNIWELL, who made absolute a rule for want of a sufficient affidavit of defense, stated, in the course of his opinion, that as the affidavit did not set forth definitely the funds that were in the treasury of the association, what government, state, or home loan bonds it possessed, its current obligations, or what provisions were made for meeting its obligations, it was insufficient, and gave leave to the defendant to file a supplemental affidavit of defense.

In the second affidavit of defense, the seventh paragraph was amended by adding thereto: "...... defendant avers that at the June 1933 meeting of the Association, to wit, June 20, 1933, one day before date of notice for the withdrawal given by the plaintiff, there was a cash balance of $1,667.51, against which was charged repair bills of $406.26 presented for June 1933 payment; interest on first mortgages due $550; water rents for 1933, $70.40; real estate taxes for 1933, $3,-996.68; unpaid real estate taxes for years prior to 1933, $9,207.82; money borrowed $4,900 and unpaid matured shares $3,535 ...... The defendant Association does not own any Government, State or Home Owners Loan Corporation bonds. In addition to its real estate and mort-

gage assets it owns one hundred fifty shares of Bankers Securities Corporation Common stock and seven shares of Bartram Building and Loan Association stock which has a paid in value of $70." This affidavit, also, was held to be insufficient by Judge BLUETT, and judgment was entered for the plaintiff, which is the subject of this appeal.

The Acts of April 29, 1874, P. L. 73, §37, cl. 2 (15 PS §991), and April 10, 1879, P. L. 16, §2 (15 PS §992), provide that stockholders wishing to withdraw shall give a written notice which shall not be effective until thirty days after the regular meeting at which it was presented; nor shall more than one-half of the funds in the treasury be applicable to pay withdrawing stockholders without the consent of the board of directors, and then only in the order of the respective times of presentation of the notices of such withdrawals.

The provisions of the Building and Loan Code, approved May 5, 1933, P. L. 457 (15 PS §1074), went into operation July 3, 1933. If the cancellation notice was not given at or before the regular meeting of June 20, 1933, it was not effective until after the code became a law. In that event, the plaintiff was subject to the code provisions. Section 612 thereof (15 PS §1074-612) contains the same requirements respecting notice of withdrawal as existed prior thereto. But changes were made in the law by the code, which, if it is applicable, affect this case:

Section 616B directs that two-thirds of the funds in the treasury of an association shall be applied to pay matured or withdrawn shares, but the association shall first deduct such amount as shall be necessary to pay current expenses, obligations, and for protection of assets, and that one-third of such funds left in the treasury is applicable to withdrawals and one-third to maturities; C provides that when funds are not available to pay matured or withdrawn shares upon which pay-

ment has been due for a period in excess of six months, all the funds in the treasury, other than such amounts as are required to be deducted shall be applied to the payment of matured or withdrawn shares; F provides that withdrawing shareholders "shall not have the power to sue for the amount due them by virtue of such maturity or such withdrawal until such time as, under the above provisions of this section, such matured or such withdrawn shares should have been paid."

The plaintiff's averment that the association had cash in its treasury, one-half of which was sufficient to pay withdrawing stockholders at that time and thereafter, is inadequate under the requirements of the code, as he did not state that after paying the current expenses, obligations, etc., there remained funds enough to pay the value of his stock under its provisions: Brown v. Victor Building Assn., 302 Pa. 254, 153 A. 349. If we assume the code applies, six months had not elapsed, after the withdrawal notice became effective, before the entry of the suit. Consequently, the action was prematurely brought: Heidelberger v. Munic. B. & L. Assn., 117 Pa. Superior Ct. 38, 177 A. 203.

It is true that the defendant did not raise any question in its two affidavits of defense as to plaintiff's right to sue or to the adequacy of his statement of claim. If plaintiff's statement was insufficient as to formal imperfections, the defendant waived its right to attack it (Boyle v. Breakwater Co., 239 Pa. 577, 87 A. 10; Nice B. B. Co. v. Mtg. B. & L. Assn., 310 Pa. 560, 166 A. 239; McCall Co. v. Kershbaum et al., 97 Pa. Superior Ct. 189); but this rule does not apply when the plaintiff seeks judgment on the pleadings, if the defects are substantial: Parry v. First Nat. Bk. of Lansford, 270 Pa. 556, 113 A. 847. It is pointed out in Irwin v. Weikel, 282 Pa. 259, 262, 127 A. 612, that a formal defect should be taken advantage of by motion to strike off, or rule for a more specific statement, as provided

by section 21 of the Practice Act of 1915, P. L. 483, as amended May 23, 1923, P. L. 325. "But the statute does not preclude a defendant from challenging the sufficiency of the statement on a rule for judgment for want of a sufficient affidavit of defense." The decided tendency, especially in building and loan cases, is that if the propriety of entering judgment is at all questionable, the case should not be disposed of summarily. In Davis et al. v. Investment Land Co., 296 Pa. 449, 453, 146 A. 119, it is said: "Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it." See, also, Sipp v. Phila. Life Ins. Co., 293 Pa. 292, 142 A. 221; Brown v. Victor B. & L. Assn., supra (302 Pa. 254); Chelten Ave. Bldg. Corp. v. Mayer, 306 Pa. 225, 159 A. 25; Odessa Ind. Ben. A. v. Stechert B. & L. A., 107 Pa. Superior Ct. 177, 163 A. 32; Rosenblatt et al. v. Pot. B. & L. Assn., 110 Pa. Superior Ct. 466, 169 A. 24; Davis et ux. v. Mortgage B. & L. Assn., 116 Pa. Superior Ct. 345, 176 A. 548.

Our conclusion is that the plaintiff's right to recover is not so clear that a summary judgment should be entered on the pleadings, but that an opportunity should be given to develop at a trial all the pertinent facts in this case.

Judgment entered on the pleadings is reversed with a procedendo.