## Halpern *v.* Axelrod et al., Appellants.

Argued October 18, 1935.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, JAMES and RHODES, JJ.

356

*Louis E. Levinthal*, with him *David H. Rosenbluth*, for appellants.

*Nochem S. Winnet*, for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

Defendants appeal from a judgment entered for want of a sufficient affidavit of defense in an action of assumpsit. On full consideration of the pleadings we have concluded that the judgment must be reversed—not because of the sufficiency of the affidavit of defense, but because the plaintiff's statement is not self-sustaining on the face of the record, and on that account she is not, in the present state of the pleadings, in a position to demand judgment: Chestnut Street Nat. Bank

v. Ellis, 161 Pa. 241, 244, 28 A. 1082; Penn Nat. Bank v. Kopitzsch Soap Co., 161 Pa. 134, 28 A. 1077; Parry v. First Nat. Bank, 270 Pa. 556, 559, 113 A. 847; Fritz v. Hathaway, 135 Pa. 274, 280, 19 A. 1011; Com. v. Hoffman, 74 Pa. 105, 111; Taggart v. De Fillippo, 315 Pa. 438, 173 A. 423.

The action was on a written agreement, (Exhibit A), as modified by a supplemental written agreement, (Exhibit B), both of which are printed in the reporter's statement.

Plaintiff's statement averred, inter alia, the making of the original agreement (Exhibit A) between the defendants and Isaac Halpern; the purchase of $50,000 (500 shares) 7% cumulative preferred stock of the Girard Smelting & Refining Company by Isaac Halpern, pursuant thereto; the death of Isaac Halpern on January 9, 1932, and the grant of letters of administration c. t. a. on his estate to Atlantic City National Bank; the execution of the supplemental agreement (Exhibit B), between defendants and Halpern's administrator c. t. a.; and the transfer by said administrator of all its right, title and interest in said agreements to the plaintiff,—but this transfer did not purport to convey or assign any title to or interest in the stock aforesaid; that a semi-annual dividend of $1,750 became due on said preferred stock on January 1, 1935, but the same was not declared nor paid by said company; that in consequence thereof, the defendants became liable for the payment of $875 in accordance with their agreements aforesaid, but although requested to pay the same, they have neglected and refused to do so.

We are of opinion that the agreements are supported by a valuable and sufficient consideration and on their face create a legal and enforceable obligation on the part of the defendants; that while called a guaranty, the agreement was an original undertaking, enforceable against the defendants in accordance with its

terms, without prior proceeding against the Girard Smelting & Refining Company. The defendants, in effect, agreed to redeem the stock, at par and accrued dividends, at the expiration of five years from the date of the agreement, if Halpern desired to surrender the same, and, in the meantime, to pay him the stipulated dividends payable on the stock if the company failed to declare and pay them. If not an original undertaking by them as principals, it was, at the least, an agreement of suretyship. See Act of July 24, 1913, P. L. 971; Fidelity Mutual Life Ins. Co. v. Power, 311 Pa. 302, 166 A. 845.

But it seems clear to us that the agreement was for the protection of Isaac Halpern, as the owner of the stock purchased pursuant to it. If he sold the stock, the protection given by the agreement was gone. Considered as a whole, the agreement had no force or effect apart from the ownership of the stock. How could one who did not own the stock surrender it and demand payment of its par value? Or, how could one who did not own the stock be affected by a failure of the company to declare its stipulated dividends? If Isaac Halpern died the protection of the agreement inured to the benefit of his heirs, executors and administrators, who succeeded to the ownership of the stock, but the agreement cannot be successfully divorced or separated from the ownership of the stock.

The statement of claim fails to aver that the plaintiff, Laura Halpern, as the widow of Isaac Halpern, succeeded to the ownership of the stock, or that the stock was assigned or transferred to her in the settlement of his estate, or that she has any title to or ownership of the stock. There could be no valid assignment of the right, under the agreement, to surrender the stock and demand payment of its par value, separate and apart from the ownership of the stock; and the right to call on the defendants to pay the stipulated dividends pay-

able on the preferred stock, or one-half of them, as provided by the supplemental agrement, Exhibit B, is irrevocably bound up with ownership of the stock. The stock could not be owned by one person and the right to require redemption of the stock and payment of stipulated dividends be held by another.

The plaintiff may be able, by amending her statement, to bring herself within the provisions of the agreements; she has not done so in the statement filed.

The judgment is reversed with a procedendo.