## New York Life Insurance Company *v.* Brith Achim Building and Loan Association, Appellant.

Argued January 6, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Frank A. Simons,* with him *Louis Halprin,* for appellant.

*Ralph S. Croskey,* for appellee.

OPINION BY MR. JUSTICE LINN, January 26, 1939:

This was an action of assumpsit against a building association on a so-called extension of mortgage agreement. The verdict was for plaintiff for the amount of the mortgage debt with interest, less the nominal amount received at the foreclosure sale. The assignments of error are to the refusal of motions for judgment n. o. v., or for a new trial.

April 7, 1924, Leaness and wife delivered their bond and $4,000 mortgage on premises 6728 Lebanon Avenue, to a mortgagee who assigned them to plaintiff. The defendant held a second mortgage on which it foreclosed and purchased the premises mortgaged. On October 25, 1930, by agreement with defendant, then owning the property, plaintiff agreed not to demand payment before April 7, 1933, and defendant agreed to pay principal, interest, taxes, etc., as specified in the agreement. In 1932 defendant conveyed the property to Jack Klein. In August, 1934, both mortgagor and defendant being in default, plaintiff foreclosed and, October 1, 1934, purchased the property for $75. This suit followed. In defense, the association sought to establish that it was insolvent and in process of voluntary liquidation pursuant to the Building and Loan Association Code of 1933 and amendments. It was agreed that the value of the premises purchased by the plaintiff was $3,800. The court directed a verdict for the plaintiff for the amount claimed less the bid at the sheriff's sale.

It is not necessary, in affirming, to deal with the defense of insolvency alleged, because, at the time of suit the plaintiff was not a secured creditor for the reasons given in the opinions filed in the appeals which were argued with this one: see *Emlen's Estate,* 333 Pa. 238; *All Wyoming Building and Loan Association Case,* 333 Pa. 250; *First Friday Building and Loan Association Case,* 333 Pa. 254.

Defendant was therefore not entitled to require plaintiff to credit the value of the premises purchased at the foreclosure.

Judgment affirmed.