All Wyoming Building and Loan Association Case.

Argued January 6, 1939.  Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Murdoch K. Goodwin,* with him *Morgan, Lewis & Bockius,* for appellant.

*Sylvan H. Hirsch,* with him *Herbert P. Sundheim,* Special Deputy Attorneys General, and *Guy K. Bard,* Attorney General, for appellee.

OPINION BY MR. JUSTICE LINN, January 26, 1939:

The Insolvency Act of 1901, P. L. 404, 39 PS section 90, was held, in the *United Security Trust Company Case,* 321 Pa. 276, 184 A. 106, to be a declaration of the policy of the law requiring the courts, in the distribution of the property of insolvents, to apply the so-called bankruptcy rule instead of the equity rule,[1] in passing on claims secured by property of the insolvent. In *Emlen's Estate,* 333 Pa. 238, we held that section 28, providing for the surrender by a claimant of security, was intended to require only the surrender of property of the insolvent and not property of another also held as security; in short, the rule of distribution under the state law was understood to be the same as was then prescribed by the Act of Congress for bankruptcy proceedings.

The Secretary of Banking, as receiver, took possession of the All Wyoming Building and Loan Association October 24, 1935. His first and partial account contained a "Summary of Inventory and Appraisement Balances as of March 31, 1937" amounting to $26,264.59. It also contained a list of "Approved Liabilities and Claims as of March 31, 1937" of $63,879.64, all of which, except $210.32, represented liabilities to shareholders.

The Germantown Trust Company, appellant, presented a claim of $6,763.82 for principal, interest, commission and taxes on premises 5037 Torresdale Avenue under an extension agreement made by claimant and the building association. The receiver rejected the claim

---

[1] Unless, of course, distribution is to parties interested in a deed of trust for creditors who, among themselves, have agreed otherwise, as in the recently considered case of *Baker's Trust Estate,* 333 Pa. 273.

because, as he stated, "claimant has not given credit for the value[2] of the property" purchased at foreclosure.

In 1924 Samuel Lupowitz delivered his bond, secured by mortgage in the sum of $6,000 to a mortgagee who in 1925 assigned them to claimant. The building association became owner of the mortgaged land, and, in 1929, while owner, agreed with claimant, to extend the maturity date until September 5, 1931, and to make payment,[3] etc. December 29, 1933, the association conveyed the mortgaged premises to Sarah Sofrin.

May 3, 1937, during the receivership, claimant foreclosed and in July, 1937, purchased the property at the sheriff's sale for $50. Title to the property was then in

---

[2] At the audit, counsel agreed to the facts as follows: "I understand that claim has now been reduced to $6,300 made up as follows: $6,000 principal of the mortgage and $300 attorney's fee. The Secretary of Banking takes the position that he is entitled to a credit for the fair value of the property. We have agreed that the fair value is $5,000 so that the claim is now reduced, if the position of the Secretary is correct, to $1,300. That $1,300, if your Honor pleases, represents a balance of $1,000 on the mortgage and $300 attorney's fee. As to the $300 attorney's fee the Secretary of Banking takes the position that under the guarantee agreement which will be offered in evidence there is no liability for an attorney's fee, that it only guarantees the principal of the bond and does not guarantee the attorney's fee."

[3] "3—The party of the first part [the claimant] will not demand payment of the principal of said bond and mortgage until the said fifth day of September 1931, provided interest be paid semi-annually, and a receipt for all taxes assessed on the mortgaged premises shall have been duly presented, and all other covenants in said bond and mortgage duly performed by the said party of the second part.

"4—The party of the second part [the building association] guarantees the prompt payment of the interest and principal of said bond so secured, together with all taxes assessed as aforesaid, and the maintenance of insurance upon the property covered by the said mortgage in the sum of SIX THOUSAND ($6,000.00) . . . dollars.

"5—All the terms, conditions, stipulations, and provisions contained in the said bond and mortgage not inconsistent herewith are to remain in full force and effect."

Sofrin, described in the proceedings, as the real owner. The learned court below adopted the receiver's contention that the application of the bankruptcy rule required claimant to deduct the value of the property and accordingly allowed the claim in the sum of $1,000. The $300 item for attorney's commission was rejected on the ground that the agreement did not provide for it, a conclusion in which we concur.[4]

The order requiring appellant to credit the claim with the value of the mortgaged premises cannot be sustained. While it is contended on behalf of the receiver that the association is insolvent, we need not consider the contention because it clearly appears that at the time of the foreclosure claimant had no security belonging to the association. *Ivanhoe Building & Loan Assn. v. Orr*, 295 U. S. 243, points the way. In that case it appeared that mortgagors, having given their bond and mortgage to the claimant building association, conveyed the land to Eastern Sash Company, subsequently bankrupt, who agreed to pay the debt. The Eastern Sash Company sold to Yavne, who also agreed to pay the debt. The mortgage was foreclosed and the property bid in by claimant for $100. Meanwhile the Eastern Sash Company had been adjudicated bankrupt. The question was whether claimant must allow credit for the value of the property ($9,000) or only for the $100. It was held that "petitioner does not come within the definition, for at the date of bankruptcy it held no security against the bankrupt company's property, nor security given by any other person who in turn was secured by the bankrupt's assets. . . ." See also *In re United Cigar Stores Co.*, 73 F. (2d) 296; *In re Ganet Realty Corporation*, 83 F. (2d) 954.

As it did not appear that appellant held property of the association as security, the claim should have been allowed without deduction.

[4] Compare *Real Estate, etc., Co. v. Cohen B. & L. Assn.*, 130 Pa. Superior Ct. 207, 197 A. 511.

Decree reversed and record remitted for allowance of the claim, costs to be paid out of the fund for distribution.