Pennsylvania Company, etc., to use, *v.* Lebanon Building and Loan Association, Appellant.

Argued November 29, 1939. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Harry M. McCaughey,* with him *Walter L. Gallagher,* for appellant.

*Harry A. Rutenberg,* for appellee.

OPINION BY MR. JUSTICE LINN, January 2, 1940:

This appeal is from judgment for want of a sufficient affidavit of defense in an action by the Pennsylvania Company, etc., mortgagee, to the use of Jacob Belmont, assignee, v. defendant Building & Loan Association. The suit is on a mortgage extension agreement made by the legal plaintiff and the defendant, and assigned by the legal to the use-plaintiff; it is part of the statement of claim and recites that the legal plaintiff held a mortgage on premises owned by defendant who had asked for an extension of the due-dates of the bond and mortgage, which the mortgagee was willing to grant and for which the agreement provided. It contains this provision: "4. The party of the second part guarantees the payment of the interest within ten days after the same becomes due and payable, and the principal of said bond so secured, . . . anything in said mortgage contained to the contrary notwithstanding, together with all taxes assessed as aforesaid."

The statement alleges that the bond, mortgage and extension agreement were assigned to the use-plaintiff and that defendant had defaulted in payment. Defendant admits this default. Nothing is averred in

the affidavit of defense that can stop summary judgment. The averments and appellant's argument may be dealt with under three heads:

(1) It is alleged, somewhat inconsistently, that the mortgage was not assigned but that, in any event, the use-plaintiff gave no consideration to the legal plaintiff for the assignment; that the use-plaintiff "was not a bona fide purchaser in good faith of the" mortgage. Such averments state no defense against the demand of the mortgagee, the legal plaintiff. There is no averment of anything in the relations of the legal plaintiff and the use-plaintiff which would discharge defendant's obligation to the legal plaintiff, which, after all, is what is involved in the suit. Apart from exceptions not now material, it was[1] long the rule that, while the use plaintiff is the equitable owner of the cause of action, his name is unnecessary in the suit and may be disregarded: *Brownfield v. Com.*, 13 S. & R. 264, 268; *Purdy v. Massey*, 306 Pa. 288, 296, 159 A. 545; *Paxos v. Jarka Corp.*, 314 Pa. 148, 151, 171 A. 468. Section 2 of the Act of 1878, P. L. 205, 21 PS sections 655, 656, does not apply: see *Northern Trust Co. v. Phila. Wholesale Drug Co.*, 333 Pa. 386, 5 A. 2d 193, where the subject was considered.

(2) Defendant also avers that at the time the extension agreement was executed it had been understood and agreed by the parties to it, that defendant's obligation to pay, created by the agreement, was an obligation to the legal plaintiff only and one that the legal plaintiff would not assign. As there is no averment that this agreement was in writing—it should have been made part of the affidavit if it was—we conclude that it was an oral understanding. From averments of this kind, defendant concludes that it "was discharged from

---

[1] This action was pending September 4, 1939, when the Rules of Civil Procedure relating to Actions by Real Parties in Interest became effective. For actions brought hereafter, Rule 2002 applies; 332 Pa. lxxiii.

its personal liability under said extension agreement to the mortgagee by the latter's alleged assignment of said mortgage." It is difficult to understand how this conclusion, that the assignment extinguished defendant's obligation to the legal plaintiff, follows from the facts alleged.[2] But in any event it is sufficient to say that there is no averment that this oral understanding was omitted from the writing by fraud, accident or mistake without which it could not be proved and therefore cannot be considered a defense: *Gianni v. Russell*, 281 Pa. 320, 126 A. 791; *Speier v. Michelson*, 303 Pa. 66, 154 A. 127; *Germantown Trust Co. v. Emhardt (No. 1)*, 321 Pa. 561, 184 A. 457.

(3) Appellant also contends that there is no liability on the extension agreement because there is no averment that the mortgagor has been shown to be insolvent or its equivalent. This brings up the meaning of the words, "The party of the second part guarantees the payment" etc., as the parties used them in the contract. It is said defendant cannot be called on to pay until the legal plaintiff has established its loss.

The appeal does not require discussion of the provision of the Act of July 24, 1913, P. L. 971, 8 PS section 1, that "Every written agreement . . . to answer for the default of another" shall be held to be a contract of suretyship unless it shall expressly declare otherwise. The parties have said what they intended and it is necessary only to deal with their language in the

[2] There is nothing in the record to show that this contract is within the established rules prohibiting assignability of contracts. These rules are thus stated in the Restatement, Contracts, sec. 151: "A right may be the subject of effective assignment unless, (a) the substitution of a right of the assignee for the right of the assignor would vary materially the duty of the obligor, or increase materially the burden or risk imposed upon him by his contract, or impair materially his chance of obtaining return performance, or (b) the assignment is forbidden by statute or by the policy of the common law, or (c) the assignment is prohibited by the contract creating the right."

320

light of the circumstances in which it was used. Briefly, the situation of the parties was this: defendant had taken title[3] to the mortgaged property from Rae Weintraub under and subject to the mortgage then held by the Pennsylvania Company, legal plaintiff, which would mature October 13, 1930; an extension of the maturity date was desired. This contract was then made, presumably to change their existing legal relations. In determining what they intended, some help may be had by considering what their relations were just before the agreement was made. In buying from Weintraub under and subject to the mortgage, defendant assumed the obligation of indemnifying Weintraub against any loss resulting to him from defendant's failure to pay the mortgage debt,—that is, against the sum he might be required to pay to the legal plaintiff if the security proved inadequate. If, on the sale of the security, the mortgagee received less than the debt, Weintraub would be answerable to the mortgagee for the deficiency and defendant would be answerable to Weintraub on its contract of indemnity. As those were the legal relations of the parties, when they came to make the extension agreement, we come to the question, what changes were made? It can hardly be said that they made the extension agreement in order that defendant might again obligate itself to pay only the deficiency remaining after the foreclosure of the mortgage security, because defendant was already under substantially that obligation. We think the words of the agreement were intended to create another relation, to raise another obligation, that defendant would pay the whole debt within 10 days after maturity in consideration of the extension. Compare *Bennett v. Rittenhouse B. & L. Ass'n*, 313 Pa. 391, 169 A. 757; *Northern Trust Co. v. Phila. Wholesale Drug Co.*, 333 Pa. 386, 5 A. 2d 193.

Judgment affirmed.

---

[3] By deed dated February 27, 1929, and recorded in Deed Book JMH No. 2952, page 256.