## Chanin, Appellant, *v.* J. B. Liebman & Co., Inc.

Argued April 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*C. Brewster Rhoads,* with him *Maurice Pollon* and *John F. Headly* and *Montgomery & McCracken,* for appellant.

*William N. Trinkle,* of *Truscott, Trinkle & Wright,* with him *George D. Kline,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 12, 1941:

This is an action of assumpsit to recover damages for breach of a contract of employment, which plaintiff avers was for a year. He was discharged during the fifth month of his service.

The contract was confirmed by a letter from defendant to plaintiff and accepted in writing by the latter. It appears in the notes of the Reporter. The court below sustained an affidavit of defense raising questions of law and entered judgment for defendant. Plaintiff appeals.

The position assumed by appellant is that the letter is not the entire contract between the parties and, therefore, he should be permitted to show that, by a prior oral agreement, he was to be employed for a year or longer.

The contract says nothing about a yearly employment. It provides that plaintiff is to receive a salary of $75 weekly. It speaks of the termination of the employment "at any time", of the bonus payment to be made "up to the date of the termination of the employment" and fixes as the measure for its amount the increase of sales "for the same period over the preceding year", not for the entire year, which it necessarily would be, if the contract covered a hiring for that period. This being the situation, plaintiff cannot import into the written contract by parol something absolutely contrary to its terms, an employment for a year. This would

be to render the writings nugatory. Under all our decisions since *Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791, the last of which is *Penna. Co. v. Lebanon B. & L. Assn.*, 337 Pa. 316, 10 A. 2d 418, parol evidence is inadmissible to change the terms of the written contract. See also 9 Wigmore on Evidence Sec. 2430.

So far as the claim for bonus is concerned, we call attention to the fact that suit was brought on June 27, 1940, whereas the bonus was not payable until "on or about January 15, 1941." As to the bonus, the suit was premature. A claim for it can be asserted in another action, if such claim exists.

The judgment is affirmed without prejudice to the right to bring an action for the bonus.