## Chestnut Hill Title & Trust Co. v. Apsley B. & L. Assn.

*George V. Strong,* for plaintiff.
*Horace M. Burton,* for defendant.

FLOOD, J., July 23, 1941.—Plaintiff has sued defendant building and loan association upon its demand note for $4,000. Defendant admits the issuance of the note, but sets forth that the note was given in payment of matured building and loan shares of defendant's 25th and 26th series and raises two defenses.

1. The first defense is that a contemporaneous agreement was entered into with the president of plaintiff bank, acting for it, providing that the note should not become due and payable until other matured shareholders in the 25th and 26th series were reached for payment and that they had not been so reached.

This defense cannot hold. The affidavit does not say whether the agreement was oral or in writing. If it was in writing no copy is attached and therefore it cannot be considered. If it was oral it varies the written note in a most essential particular—the time of maturity—and is invalid as a defense since there is no averment of fraud, accident, or mistake.

2. The second defense is that the other matured shares of the 25th and 26th series have not yet been reached for payment under the Building and Loan Code of May 5, 1933, P. L. 457, and that defendant is now subject to an order of segregation issued by the Department of Banking under section 508 of the code, so that they will not be reached for payment while that order of segregation remains in effect.

This defense raises an interesting question which apparently has not been passed upon by our appellate courts. The question may be divided into two branches.

(*a*) Would the giving of the note to plaintiff in payment of matured shares change plaintiff's status from that of shareholder to that of creditor if, at the time, the association was solvent but not in a position to pay matured shareholders of plaintiff's series under the provisions of section 616 of the Building and Loan Code of May 5, 1933, P. L. 457?

(*b*) If plaintiff's status is that of shareholder merely, can he obtain judgment under the facts in this case?

3. The answer to the second branch of this question seems plain, and it will be first disposed of. Subsection (*f*) of section 616 prevents suit by the holders of matured shares until such time as, under the other provisions of section 616, such matured shares should be paid. Therefore, if plaintiff is merely a shareholder he is not in a position to sue. Consequently he cannot obtain judgment. The old rule was that under such circumstances judgment could be entered but execution would be stayed: United States B. & L. Assn. v. Silverman, 85 Pa. 394 (1877). Even before the code, however, this rule had been changed as to withdrawing shareholders: Brown v. Victor B. & L. Assn., 302 Pa. 254 (1931). The code puts matured shareholders on the same footing with withdrawing shareholders in this respect.

Plaintiff argues that this rule applies only in the case of insolvency. This, however, cannot stand in the face of the decision of Brown v. Victor B. & L. Assn., supra, and the apparent purpose of the draftsmen of the code to place matured shares in the same situation as withdrawn shares in this respect. For a full discussion see 1 Segal, Pa. Banking and Building and Loan Law, 502 et seq. Section 616 (*f*) effectively prevents judgment for plaintiff in this case if he is merely a shareholder.

See Kennedy v. Upper Darby B. & L. Assn., 29 Del. Co. 247 (1939).

4. The difficult question is whether the giving of the note to plaintiff by defendant transformed the former into a creditor. If at the time the association had been insolvent, the note would not have been effective to make plaintiff a creditor: Weinroth, Executrix, v. Homer B. & L. Assn., 310 Pa. 265 (1933). See also Stone v. Schiller B. & L. Assn. et al., 302 Pa. 544 (1931). There is, however, no insolvency averred in this case and we must assume that the association is solvent. An order of segregation may of course be entered for various reasons and is not in any sense equivalent to insolvency.

There are obvious differences between this situation and the situation arising upon insolvency. If there is insolvency, the shareholders must be paid pro rata. If there is no insolvency but a mere condition of frozen assets which prevents the payment of shares promptly as they mature or are withdrawn, section 616 prescribes the conditions under which payment shall be made. But they are not paid pro rata. They are paid in the order in which the withdrawals become effective or the maturities are declared (with certain exceptions as to withdrawn shares under certain conditions, which do not appear in the pleadings in this case). Only the shares maturing or the withdrawals becoming effective on the same day are paid on a pro rata basis as among themselves. They are deferred to those declared or effective earlier and they are to be paid before those declared or effective later.

However, this situation, insofar as it affects other shareholders whose shares were declared matured on the same date as plaintiff's or were withdrawn on that date, is indistinguishable from that of insolvency. Just as in insolvency, if there is a frozen condition which prevents payment of the shareholders promptly upon maturity or withdrawal of their shares, great care

must be exercised by the association in the first instance and by the courts in the last instance to see that no unfair advantage is obtained by any shareholder. The Supreme Court has exemplified this approach very clearly in the case of Brown v. Victor B. & L. Assn., supra. However well-intentioned the shareholder, and however honest the association's error in this regard, our courts have shown in the cases heretofore cited that they will not enforce an improper preference.

Under the situation we have here, if we concede effectiveness to this note to transform plaintiff into a creditor, we are giving sanction to an action by defendant in contravention of section 616(a). We have no more right to do this than we would have to give sanction to a note given to a withdrawing shareholder when the association was insolvent. In either case an unlawful preference is given to the detriment of other shareholders. It makes little difference for this purpose that in the insolvent association all other shareholders suffer because of the preference, while in this situation only those shareholders suffer whose shares matured contemporaneously with plaintiff's shares. The giving of the note to plaintiff in payment for the shares was a violation of section 616(a), and it cannot obtain a creditor's status by such an illegal transaction.

What we have said above disposes of the argument that plaintiff should have the advantage of its greater diligence. What it obtained, or sought to obtain, by its greater diligence was a preference prohibited by law. This the court obviously will not perfect or enforce.

Plaintiff's note does not change its status from that of matured shareholder to that of creditor. Since it is a matured shareholder it cannot recover since the conditions stated in section 616 have not been fulfilled. Moreover, since it is merely a matured shareholder, its statement of claim is insufficient: Reinhardt, Exec., v. Sixtieth Street & Washington Avenue B. & L. Assn., 120 Pa. Superior Ct. 539 (1936).

Rule discharged.