## Cunniff *v.* Novo Industrial Corporation, Appellant.

Argued June 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*J. Roger Williams, Jr.,* with him *John G. Harkins, Jr.,* and *Pepper, Hamilton & Scheetz,* for appellant.

*George A. D'Angelo,* with him *Truscott and Erisman,* for appellee.

OPINION BY HOFFMAN, J., September 12, 1968:

This is an action in assumpsit for attorney's fees brought against Novo Industrial Corporation, the operator of the Mitchell Specialty Division.

Plaintiff was first employed by defendant in 1958. In a letter dated December 16, 1959, quoted below, plaintiff suggested a new fee arrangement to defendant.

"As we are approaching the end of the calendar year, I have been going through my records and find that a bill is in order for Mitchell Specialty covering services from July 1 to December 31, 1959, inclusive. I have a suggestion to make which I think might be attractive to you. Instead of billing as I have in the past, why not pay me on an *annual basis at a fee of $3,000,* payable monthly. This would take care of all your labor relations problems, including arbitration, negotiations, advice and consultation. Excluded generally would be appearances before any federal, state or local administrative or regulatory bodies. Where

such appearances would become necessary, an additional fee would be charged. This fee would be, of course, greatly reduced because of *the annual fee arrangement*. I think this is a good idea and would create an atmosphere wherein you could discuss your problems with me without regard to the amount of time consumed for any particular item.

"I think it only fair to state that the fee arrangement I have suggested might in some years be disadvantageous to me and advantageous to the Company and in other years the situation could be reversed. It listens good to me—what do you think?" [Emphasis supplied]

In a letter dated December 28, 1959, defendant replied to plaintiff:

"This will confirm our telephone conversation last Thursday morning, during which I advised you that it would be agreeable to us to have you represent us on an *annual basis* at a fee of $3,000, payable at the rate of $250 monthly, as outlined in yours of the 16th.

"Starting with the new year, we will mail you the checks monthly. It was agreed that you would mail us an invoice in the amount of $1,500 to cover the second half of 1959.

"Our sincere wishes for a very happy and prosperous New Year." [Emphasis supplied.]

In November, 1964, defendant notified plaintiff that it was terminating the retainer contract. Plaintiff was paid at the rate of $250.00 per month through the end of 1964. He now maintains that he is entitled to additional compensation, because he and defendant's president had agreed, in the telephone conversation referred to in defendant's letter, that the retainer contract would run for the term of the defendant's than prospective collective bargaining agreement, which expired September 16, 1967.

The sole question on appeal is whether plaintiff may prove this alleged oral agreement as part of his contract with defendant.

The parol evidence rule provides that where parties have deliberately put their complete agreement in writing, the writing is the sole evidence of the agreement and its terms cannot be varied, contradicted, added to, or modified by prior extrinsic evidence. *Gianni v. R. Russell & Co.,* 281 Pa. 320, 126 Atl. 791 (1924). In this case, the correspondence between the parties, noted above, constituted a completed contract. Therefore, plaintiff should have been precluded from introducing the prior oral agreement as a term of the contract because it specifically contradicts another term of the written contract, namely, that the contract was to run on an annual basis.

Defendant's letter confirmed the prior conversation with plaintiff by stating that it would retain plaintiff at a fixed retainer "as outlined in yours [letter] of the 16th." Specifically, plaintiff's letter spoke of "an annual fee arrangement", and defendant replied that "it would be agreeable to us to have you represent us on an annual basis, at a fee of $3000, payable at the rate of $250 monthly, . . ." Thus, the language makes clear that only a year to year contract, payment to be made on a monthly basis, was anticipated by the parties.

If the parties hereto had agreed that the contract was to run not on an annual basis, but rather, for the length of a prospective collective bargaining agreement, it is reasonable to expect that they would have referred to this highly unusual and important term in their correspondence. We cannot conceive that such a material oral term of the type alleged would not be incorporated in the writings, which are comprehensive and complete on their face. Consequently, the oral

agreement plaintiff wishes to introduce into the written agreement should be precluded on the ground that it contradicts and modifies the written agreement between the parties.

Moreover, plaintiff, being an attorney, must have been aware of the applicability of the parol evidence rule. Therefore, when he received defendant's letter, which omitted any reference to a prospective collective bargaining contract as the measuring life of the retainer contract, it is reasonable to expect that he should have made a timely objection to the defendant. His failure to do so is inconsistent with his claim.

Plaintiff mistakenly relies on *Rubin v. Lustro Tile Products Corp.*, 411 Pa. 549, 192 A. 2d 731 (1963). There, the court permitted oral evidence in order to ascertain which territory was covered by an exclusive sales agency when the writings themselves were inconsistent on this point. Here, however, the contract was complete and clear on its face.

More apposite is *Chanin v. J. B. Liebman & Co., Inc.*, 341 Pa. 552, 20 A. 2d 208 (1941), cited with approval in 9 Wigmore §2430 (Supp., n. 4, 1964). In that case, the defendant wrote a letter to plaintiff confirming an oral employment agreement containing terms as to a weekly salary and bonus. The letter made no specific reference to the term of employment and plaintiff insisted that the parties had orally agreed that the term was for a period of one year. The court held that the letter constituted the entire contract and that the plaintiff was precluded from proving that the contract was for a term of one year. The court stated: "The contract says nothing about a yearly employment. It provides that plaintiff is to receive a salary of $75 weekly. It speaks of the termination of the employment 'at any time', of the bonus payment to be made 'up to the date of the termination

of the employment' and fixes as the measure for its amount the increase of sales 'for the same period over the preceding year', not for the entire year, which it necessarily would be, if the contract covered a hiring for that period. This being the situation, plaintiff cannot import into the written contract by parol something absolutely contrary to its terms, an employment for a year."

Similarly, in our case, plaintiff cannot import into a written contract which refers to an annual retainer the suggestion that the term of employment cannot be determined from an examination of the writing.

Therefore, we find that the letters of December 16, 1959 and December 28, 1959 constituted a completed contract which was to run from year to year. Accordingly, the judgment of the lower court is reversed.

Judgment reversed.

WRIGHT, P. J., WATKINS and HANNUM, JJ., would affirm on the opinion of the court below.